[L. A. No. 3458. Department Two.—July 19, 1915.]

## R. J. GARDNER, Appellant, v. C. P. V. WATSON, Respondent.

ACCOUNT STATED—CONTRACTS—DEFINITION OF.—An account stated is a document, a writing, which exhibits the state of account between parties and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract. An action on it is not founded upon the original items but upon the balance agreed to by the parties, and the original items cannot be inquired into. And the general rule is that when the stated account is admitted, it can be avoided only by averments and proof of fraud, mistake, etc.

ID.—MUTUAL DEMANDS—ACKNOWLEDGMENT OF DEBT.—It is not at all necessary that there should be mutual or cross accounts or demands between the parties to an account stated. The acknowledgment of a debt, though it consists of but a single item, may form the basis of such a stated account.

ID.—PLEADING—FRAUD, DURESS OR MISTAKE.—The original transactions between the parties to an account stated not being the subject of inquiry, except for such equitable considerations as fraud, duress, or mistake, if it be sought to avoid the legal effect of the account stated upon any of these grounds, they must be pleaded.

ID.—DEMANDS OF ACCOUNT STATED—REASONS IMMATERIAL.—The writing constituting an account stated need not aver or at all contain the grounds and reasons for the conclusion and declaration expressed. It is a complete stated account if it contains a signed and written acknowledgment of a present, unqualified indebtedness or liability with a promise to pay a named sum.

ID.—COMPROMISE OF CLAIM—CONSIDERATION.—The compromise of a claim or demand, even if of doubtful validity, is a good consideration for an account stated, and the defendant will not be heard to answer when action is brought upon the account stated that the claim or demand was unjust or invalid.

ID.—CONSTRUCTION OF CONTRACT—ACCOUNT STATED.—An instrument reciting that at a certain time prior thereto the promisee invested a certain sum of money in a certain association and that at that time the promisor entered into a contract with him to repurchase the stock and thereafter took it over in exchange for certain other stock which became valueless, and that the promisor then agreed in consideration of the premises to repay the original purchase price when financially able, and further providing that, the promisor "hereby acknowledges himself indebted to" the promisee "in the sum of $3,000 in the manner above mentioned," and that the agreement was reduced to writing "to the end that in the event he has not been able to meet the said obligation prior to the time of his death, that the said promisee shall then and at that time have a valid and subsisting claim against his estate for the payment of said obligation," constitutes an account stated.

ID.—CONSIDERATION—BURDEN OF PROOF.—Since a written instrument is itself presumptive evidence of the consideration, the burden of showing a want of consideration to support it lies with the party seeking to avoid it, but notwithstanding this rule the true consideration may always be shown. And where the plaintiff in an action on such instrument, after the court had ruled that it did not constitute an account stated, offered evidence that at the time the instrument was executed by the defendant, plaintiff was making certain claims against him for fraud in connection with the transfer of the stock to him, and that for the purpose of preventing plaintiff from commencing an action for fraud, the agreement in suit was agreed upon and reduced to writing, it was error for the court to exclude the evidence.

ID.—LACK OF CONSIDERATION—WHEN CANNOT BE SHOWN.—It is not open to the defendant to defeat the legal effect of such a contract by showing a lack of consideration in any other way other than by fraud, duress, mistake, or other equitable ground; in other words, he cannot show that the account stated was based upon a disputed claim, which claim subsequently proved to be invalid, or that the amount justly due was very much less than the amount named in the account stated.

ID.—MISTAKE IN LAW—AVOIDANCE OF CONTRACT.—A mistake in law entertained by one party not under circumstances amounting to a fraud on the other is no ground for the avoidance of a contract.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

John L. Fleming, for Appellant.

Ingle Carpenter, for Respondent.

HENSHAW, J.—Plaintiff sued upon the following instrument, as an account stated, averring a demand upon defendant and his refusal to pay, averring also defendant's financial ability to pay:

"THIS AGREEMENT, made between Robert J. Gardner, of Los Angeles, California, and Dr. C. P. V. Watson, of the same place.

"WITNESSETH: That, whereas, the said Gardner in the year 1906 invested in the California Fruit Growers' Association, the sum of three thousand dollars, and at the time of such investment the said Watson, together with one Bartlett entered into a contract with the said Gardner by the terms of which contract, among other things, they agreed to repurchase the said stock of the said Gardner at the sum or price of three thousand dollars, and whereas, the said Watson thereafter took over the said interest of the said Gardner in the said California Fruit Growers' Association, and the said Gardner surrendered up the said contract above referred to and received, and took in exchange therefor certain stock in the Queen Mining and Development Company, and whereas, the said stock of the said Queen Mining and Development Company has become valueless, and whereas, the said Watson has promised and agreed with the said Gardner, in consideration of the facts above mentioned to repay to him the said sum of $3000 so originally invested in the said California Fruit Growers' Association aforesaid when he, the said Watson, was financially able to do so, and whereas, he is still willing and anxious to protect the said Gardner against loss on account

of the said investment and to carry out his said agreement to reimburse him whenever financially able to do so,

"Now THEREFORE, THIS AGREEMENT WITNESSETH: That the said Watson hereby acknowledges himself indebted to the said Gardner in the sum of three° thousand dollars in the manner above mentioned, and reduced the said agreement to writing for the purpose and to the end that in the event that he has not been able to meet the said obligation prior to the time of his death, that the said Gardner shall then and at that time have a valid and subsisting claim against his estate for the payment of the said obligation.

Witness, the hands and seals of the parties, this day of March, 1911.

(Signed)    C. P. V. WATSON (Seal)."

Defendant answering, made denial of the allegations of the complaint, and specifically pleaded lack of consideration for the execution of the instrument and misrepresentation upon the part of the plaintiff in procuring defendant's execution of it, this misrepresentation, however, being one of law, the allegation amounting to a charge that plaintiff was an attorney at law, "had influence with the said defendant" and "assured defendant that it created no legal liability upon him."

When this cause came on for trial plaintiff's attorney declared his conviction that the instrument in suit was an account stated and that as its execution had been admitted, the burden was upon the defendant to overcome its legal efficacy as establishing an unpaid debt in the amount sued for. The court ruled that the instrument was not an account stated. Thereupon the plaintiff's attorney, following the only course left open to him, produced and offered evidence to show (quoting his statement) that at the time the instrument was executed by the defendant "plaintiff was making certain claims against Dr. Watson for fraud in connection with the transfer to him of this mining stock, and that for the purpose of preventing the plaintiff here from commencing an action for fraud in that connection, this agreement was agreed upon and reduced to writing." The court sustained an objection to the introduction of any of this evidence, the court stating that it did not see "under this contract and with this complaint" in what way plaintiff could prevail. Judgment then followed for the defendant and plaintiff appeals.

Over what in law constitutes an account stated there was never any question in this state, and very little uncertainty exists in other states. "It must appear" (says this court in *Baird* v. *Crank,* 98 Cal. 297, [33 Pac. 65]) "that at the time of the accounting certain claims existed, of and concerning which an account was stated; that a balance was then struck and agreed upon, and that the defendant expressly admitted that a certain sum was then due from him as a debt." To like effect is *Coffee* v. *Williams,* 103 Cal. 556, [37 Pac. 506], where it is said: "An account stated is a document—a writing—which exhibits the state of account between parties and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract. An action on it is not founded upon the original items, but upon the balance agreed to by the parties. And the general rule is that when the stated account is admitted, it can be avoided only by averments and proof of fraud, mistake, etc." .The action upon an account stated is not upon the original dealings and transactions of the parties. Inquiry may not be had into those matters at all. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement. (*Hendy* v. *March,* 75 Cal. 568, [17 Pac. 702].) It is not at all necessary that there should be mutual or cross accounts or demands between the parties. The acknowledgment of a debt, though it consists of but a single item, may form the basis of such a stated account. (*Weigel* v. *Hartman,* 51 N. J. L. 450, [20 Atl. 67]; *Neyland* v. *Neyland,* 19 Tex. 427; *Rutledge* v. *Farrar,* 9 Mo. 537.) As has been said, the original transactions between the parties are not the subject of inquiry and may not be made the subject of inquiry except upon such equitable considerations as fraud, duress, or mistake. And if it be sought to avoid the legal effect of the account stated upon any of these grounds, they must be pleaded. (*Auzerais* v. *Naglee,* 74 Cal. 63, [15 Pac. 371]; *Hendy* v. *March,* 75 Cal. 568, [17 Pac. 702]; *Baird* v. *Crank,* 98 Cal. 297, [33 Pac. 65].) Moreover, the writing constituting an account stated need not aver or at all contain the grounds and reasons for the conclusion and declaration expressed. It is a complete account stated if it contains a signed and written acknowledgment of a present, unqualified indebtedness or liability with a promise to pay a named sum. (*Baird* v. *Crank,* 98 Cal. 297, [33 Pac. 65].)

It is, in the language of Mr. Abbott (Trial Evidence, p. 458), nothing more than "an agreement between persons who have had previous transactions promising payment." And Chitty (Chitty on Contracts, 11th Ed. p. 962) declares that "it must appear that at the time of the accounting, certain claims existed, of and concerning which an account was stated, that a balance was then struck and agreed upon, and that the defendant expressly admitted that a certain sum was then due from him as a debt." Moreover, it is well settled that the compromise of a claim or demand, even of a claim or demand of doubtful validity or value, is a good consideration for an account stated, and the defendant will not be heard to answer when action is brought upon the account stated that the claim or demand was unjust, or invalid. (*Crans* v. *Hunter*, 28 N. Y. 389; *Galusha* v. *Sherman*, 105 Wis. 263, [47 L. R. A. 417, 81 N. W. 495]; *Paxon* v. *Hewson*, 14 Phila. 174; *Honeyman* v. *Jarvis*, 79 Ill. 322; *Rue* v. *Meirs*, 43 N. J. Eq. 377, [12 Atl. 369].) The matter may be summed up in the apt language of Lord Hardwicke, in *Stapelton* v. *Stapelton*, 1 Atkyns, 12, [26 Eng. Reprint, 1]: "An agreement entered into upon a supposition of a right, or of a doubtful right, though it after comes out that the right was on the other side, shall be binding, and the right shall not prevail against the agreement of the parties, for the right must always be on the one side or the other, and therefore the compromise of a doubtful right is a sufficient foundation of an agreement." Reading the contract between these parties in the light of these principles, which are so well established that they may be said to be truisms of the law, we are unable to understand how the court reached the conclusion that the contract in question did not constitute an account stated between these parties litigant. "The said Watson hereby acknowledges himself indebted to the said Gardner in the sum of $3000 in the manner above mentioned." The agreement, it is declared, was reduced to writing "to the end that in the event that he has not been able to meet the said obligation prior to the time of his death, that the said Gardner shall then and at that time have a valid and subsisting claim against his estate for the payment of the said obligation." Indeed, we think it would be difficult to draw a paper which would more completely conform to the legal requirements of an account stated. The phrase upon which respondent

dwells so strongly, and which seems to have impressed itself with equal force upon the mind of the trial court, that phrase being "in the manner above mentioned," manifestly does and from the nature of the whole instrument can mean no more than that he acknowledges the indebtedness as having grown out of the past transactions of the parties as above set forth. And the recitals in the contract itself, in addition to the fact that the written contract always imports a consideration, show plainly enough that controversy had arisen between the parties, and that Gardner was asserting some claim and making some demand upon the defendant, the justness, if not the legality, of which he recognized and accepted by this formal writing.

Two other matters presented upon the appeal merit brief consideration. As has been said, under the ruling of the court that the instrument in question did not constitute an account stated, plaintiff sought to show (the genuineness and due execution of the instrument being admitted) the true consideration. Respondent's counsel state that the court sustained the objection to this offer upon the ground that it was an attempt to vary by parol the language of a written instrument. It was not incumbent upon the plaintiff to undertake to do this, since a written instrument is itself presumptive evidence of the consideration (Civ. Code, sec. 1614), and the burden of showing a want of consideration to support a written instrument lies with the party seeking to avoid it. (Civ. Code, sec. 1615; *Peasley* v. *McFarland,* 68 Cal. 611, [10 Pac. 179].) But, notwithstanding that under the circumstances it was not incumbent upon the plaintiff to have offered this evidence, it was clearly error for the court to have rejected it, for it is the general rule that the true consideration for a written instrument may always be shown. (*Hayes* v. *Shattuck,* 21 Cal. 52; *Rhine* v. *Ellen,* 36 Cal. 362; *Carty* v. *Connolly,* 91 Cal. 15, [27 Pac. 599]; *Cook* v. *Cockins,* 117 Cal. 152, [48 Pac. 1025]; *Phelps* v. *Clasen* 1 Wool. 204, [Fed. Cas. No. 11074].) Among the cases constituting an apparent exception to this rule are those upon an account stated. It is open to a defendant, as has been pointed out, to repel the legal effect of the account stated by pleading and proof if its procurement through fraud, duress, mistake, or other grounds cognizable in equity for the avoidance of an instrument. But it is not open to a defend-

ant to attempt to defeat the legal effect of such a contract by showing a lack of consideration in any other way. Thus, it is not open to a defendant in such a case merely to show that the account stated was based upon a disputed claim of the plaintiff's, which claim subsequently proved to be invalid. Nor would it be open to a defendant to show that the amount justly due was very much less than the amount named in the account stated. All such evidence going to a total or partial lack of consideration is forever debarred by the convention and agreement of the parties, for this is of the very essence of an account stated. (*Goodman* v. *Fox,* 129 U. S. 601, [32 L. Ed. 805, 9 Sup. Ct. Rep. 367] ; *Noyes* v. *Young,* 32 Mont. 226, [79 Pac. 1063].) Yet the defense in this action is merely a plea of such a lack of consideration, supported only by the averment above set forth of the representation of the plaintiff that no legal liability was created by it. It is not by the answer contended that any relationship of confidence existed between plaintiff and defendant, or that defendant relied or had a right to rely upon the statement of the proposition of law asserted to have been made by plaintiff that the instrument created no legal liability. The pleading does not show that the defendant did not have or did not exercise his opportunity to have any legal advice he might have desired, and it certainly needs no citation of authority to support the declaration that a mistake in law entertained by one party not under circumstances amounting to a fraud on the other party is no ground for the avoidance of a contract.

The judgment and order appealed from is therefore reversed.

Lorigan, J., and Melvin, J., concurred.