[Civ. No. 2415. First Appellate District.—August 20, 1918.]

JOEL ROULLARD, Respondent, v. DONLY C. GRAY, Appellant.

FICTITIOUS NAME — TRANSACTING BUSINESS UNDER — MAINTENANCE OF ACTION—FILING AND PUBLICATION OF CERTIFICATE.—Where the plaintiff's assignor was transacting business under a fictitious name, an affidavit showing publication by the assignor of the certificate required by sections 2466 and 2468 of the Civil Code, before the defense of noncompliance with those sections was raised by a motion for a nonsuit, showed a sufficient compliance with the statute and was properly admitted in evidence.

ID.—TIME FOR FILING AND PUBLICATION.—Filing and publication of the certificate prescribed by the statute before the commencement of an action is not required, since the statute merely declares that the plaintiff shall not "maintain" an action until the certificate has been filed.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Larkins & Bailey, for Appellant.

Kitt Gould and C. K. Bonestell, for Respondent.

LENNON, P. J.—This is an action for the recovery of a part of the purchase price of an automobile, brought by the assignee of the vendor. The defendant denied the purchase of the automobile. The trial court rendered judgment for the

plaintiff and defendant appeals. The appellant sets out numerous alleged errors of law in the admission of testimony, etc., and also contends that the evidence does not support the findings or the judgment.

The evidence shows that the automobile was sold by the plaintiff's assignor to Hazel I. Gray, then the wife of the defendant herein; that an old automobile, the property of the defendant, was traded in at a valuation of $450, a payment of five hundred dollars was made by check drawn upon the account of defendant and signed "Donly C. Gray by Hazel I. Gray," and the personal note of Hazel I. Gray was given for the balance. The defendant, Donly C. Gray, was not present during the transaction, and the account was carried upon the books of the vendor in the name of Hazel I. Gray. The bank paid the check drawn on the defendant's account for a part of the purchase price of the automobile and defendant did not object to this signature; he did not repudiate the transaction nor seek to recover his old car, which had been exchanged for the new one; he used the new automobile to some extent and paid for repairs upon it. Shortly after the purchase of the machine, Hazel I. Gray commenced suit for divorce against the defendant, and in that action the defendant filed a verified answer alleging that the automobile in question was his separate property.

It is true the evidence is conflicting as to the general authority given by defendant to Hazel I. Gray, to transact his business affairs during his absence, and the fact that the account was carried on the books of the company in the name of Hazel I. Gray is rather strong evidence that the company looked to her for payment. Yet we think the record does furnish sufficient evidence of defendant's acceptance of the entire transaction to sustain the findings and the judgment.

Appellant also urges that the respondent had no legal right to maintain this action and was not entitled to a judgment herein without having proven that prior to the commencement of this action, or at least prior to the filing of the original answer herein, his assignor had complied with sections 2466 and 2468 of the Civil Code of this state. Section 2466 requires a certificate to be filed by persons doing business in the state under a fictitious name, and provides for the publication of such certificate. Section 2468 provides: ". . . No person

. . . or his assignee . . . shall maintain any action upon or on account of any contract . . . until the certificate has been filed and the publication has been made as herein required.''

The plaintiff in the trial court offered in evidence in support of the allegation of his complaint that his assignor had complied with the sections above mentioned, an affidavit of publication of the certificate of the assignor, which affidavit showed publication November 3, 10, 17, 24, and December 1, 1916, which dates were subsequent to the time of the commencement of this action. The defendant objected to its introduction and at the close of plaintiff's case filed a motion for nonsuit, upon the ground, among others, that the plaintiff had not shown a compliance with sections 2466 and 2468. The affidavit showed publication at a time before the motion for nonsuit was filed. The trial court ruled that a compliance with the above sections had been shown.

The phraseology of that part of section 2468 above quoted has been construed in the case of *California Savings & L. Soc.* v. *Harris,* 111 Cal. 133, [43 Pac. 525]. The court, in construing another and a similar section of the code, said:

''At the commencement of this action, the plaintiff had not filed the certified copy with the county clerk of Madera County, and it did file it with that official several months before the defendant filed his amended answer setting up this defense, so that at the time this defense was pleaded by the defendant, the plaintiff had complied with the statute. Section 299 does not declare that plaintiff shall not commence an action in any county unless it has filed a certified copy in the office of the county clerk, but merely declares that it shall not maintain an action until it has filed it. To maintain an action is not the same as to commence an action, but implies that an action has already been commenced. The verb 'maintain' in pleading has a distinct technical significance. It signifies to support what has already been brought into existence.''

We think that the affidavit offered in evidence showing publication before this defense was raised by the motion proved a sufficient compliance with the provisions of the statute and was properly admitted in evidence.

It is unnecessary to discuss in detail the other alleged errors of law occurring at the trial and enumerated by the appellant,

for the reason that upon an examination of the entire record, it appears that there has been no miscarriage of justice.

The judgment is affirmed.

Beasly, J., *pro tem.,* and Sturtevant, J., *pro tem.,* concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 19, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1918.