[Civ. No. 4141.   Fourth Dist.   Nov. 28, 1950.]

C. W. AHLBIN et al., Appellants, v. CRESCENT COMMERCIAL CORPORATION (a Corporation) et al., Respondents.

James C. Webb for Appellants.

Don Lake for Respondents.

MUSSELL, J.—Plaintiffs appeal from a judgment that they take nothing by reason of their amended complaint and awarding cross-complainants damages in the sum of $1,892.50.

Three causes of action are set up in the amended complaint, in the first of which it is alleged that defendants became indebted to plaintiffs upon a book account in the sum of $2,250 for money had and received, which sum defendants agreed in writing to pay to plaintiffs; that the demand for payment

was refused and the whole amount is owing and unpaid. In the second cause of action it is alleged that there was an account stated between the parties whereby it was determined that defendants were indebted to plaintiffs in the sum of $1,450, and in the third cause of action an account stated was alleged for the sum of $931.24.

Defendant answered the amended complaint and demanded a bill of particulars. Plaintiffs failed to furnish such a bill or to furnish a copy of the account sued upon. The trial court, for that reason, sustained objection to evidence offered in support of the account stated and rendered judgment that plaintiffs take nothing by reason of their amended complaint. In this connection plaintiffs contend that it was not necessary that they comply with the demand for a bill of particulars insofar as the second and third causes of action were concerned.

Section 454 of the Code of Civil Procedure, as far as is here applicable, is as follows:

"It is not necessary for a party to set forth in a pleading the items of an account therein alleged, but he must deliver to the adverse party, within ten days after a demand thereof in writing, a copy of the account, or be precluded from giving evidence therof."

In *Auzerais* v. *Naglee*, 74 Cal. 60 [15 P. 371], it was held that in an action on an account stated, it is not necessary to prove the account or any of its items, but the proof in such a case is directed to the fact that the parties have accounted together and agreed upon the balance due; that an account stated is an agreement between both parties that all the items are true and that the balance found due upon a stated account is principal; it cannot be reexamined (except for fraud or mistake) to ascertain the items or their character; that the term "stated account" is but an expression to convey the idea of a contract, having an account for its consideration, and is no more an account than is a promissory note, or other contract, having a like consideration for its support.

In *Converse* v. *Scott*, 137 Cal. 239 [70 P. 13], it was held that an account stated need not necessarily be in writing; that the balance due may be acquiesced in or agreed to by parol.

In *Henning* v. *Clark*, 46 Cal.App. 551, 555, 556 [189 P. 714], in an action upon a compromise agreement, where objection was made to the introduction of any testimony because of the

provisions of section 454 of the Code of Civil Procedure, the court said:

"Plaintiff here did not sue upon an account, but upon a settlement agreement arrived at after a consultation between the parties. Appellant by his own testimony admitted the amount agreed upon; hence an examination of the items which were considered in compromising the claim could not have been properly gone into at the trial. An examination of those items was foreclosed by the very fact that the parties agreed upon a sum total after reviewing the account, excluding certain items and determining a balance."

As was said in *Shapiro* v. *Equitable Life Assur. Soc.,* 76 Cal. App.2d 75, 90 [172 P.2d 725]:

"An account stated is a writing that exhibits the state of the account between parties and the indebtedness claimed to be due from one to another, and if assented to by the debtor, either expressly or impliedly, it becomes a new contract."

The holding in *Gardner* v. *Watson,* 170 Cal. 570, 574 [150 P. 994], is to the same effect. It is there said:

"The action upon an account stated is not upon the original dealings and transactions of the parties. Inquiry may not be had into those matters at all. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement."

In *Coffee* v. *Williams,* 103 Cal. 550, 556 [37 P. 504], it is said:

"But the account, in order to constitute a contract, should appear to be something more than a mere memorandum; it should show upon its face that it was intended to be a final settlement up to date. And this should be expressed with clearness and certainty." In that case the court stated that a copy of the alleged stated account should have been furnished although it was not necessary to have furnished the original items of the open account upon which the alleged stated account was based.

In the case at bar, plaintiff Ahlbin was called as a witness and asked if in the month of April, 1946, he was approached by a representative of the Crescent Commercial Corporation with regard to the sale of some beer. An objection was made on the ground that no bill of particulars had been furnished. The question was not answered and the court stated:

"I will allow you to proceed. I will reserve a ruling as far as the objection is concerned, but I want to say that unless the

demand for a bill of particulars is complied with, you are not allowed to prove an account, or anything."

Plaintiff then called the general manager of the Louis Ziegler Brewing Company and he was asked if on the 27th day of June, 1946, he had occasion to have any dealings with Mr. Ahlbin, one of the plaintiffs in the case; if on the 27th day of June, 1946, he received any money from Mr. Ahlbin and if he had signed a certain instrument. Objections were sustained to these questions for the reason that no bill of particulars had been furnished.

After some argument by counsel, the court inquired if there was anything further plaintiffs wished to offer, to which counsel replied that he was "pretty well precluded from offering any testimony," and no further testimony was offered in support of the allegations of the amended complaint.

We conclude that the court was in error in sustaining the objections to the questions asked. Plaintiff undoubtedly had the right to adduce testimony showing that a balance was agreed upon between the parties, which balance was the amount sued for in both the second and third causes of action. The ruling of the court indicated that plaintiff would be precluded from introducing any evidence to establish a stated account.

The cross-complaint alleged, in substance, that the Louis Ziegler Brewing Company, on the 23d day of May, 1947, sold cross-defendants Ahlbin and Arnold 14,000 cases of beer and received a deposit thereon of $1,400; that the purchase price of the beer was $2.19 per case and it was to be delivered at the rate of 75 cases per month; that the cross-defendants failed to accept any of the deliveries made by the cross-complainant and that the ordinary and usual profit of cross-complainant was the sum of 45 cents per case. The transaction was represented by written contract wherein it was provided that should cross-defendants fail to accept shipment of the merchandise purchased that, under certain circumstances, the deposit should be retained by cross-complainant as its agreed costs and expenses incurred in the transaction.

In support of the allegations of the cross-complaint, evidence was introduced to show that plaintiffs refused to accept delivery of the beer, except one shipment of 75 cases in July, 1947. The general manager of the Louis Ziegler Brewing Company testified that the cost to the company of landing a case of beer in Los Angeles was the sum of $1.74 and that the difference between that cost to the company and whatever the

beer was sold for represented the profit to the brewery. When asked to state the amount of the loss sustained by the company as the result of the contract, he stated: "We lost more than we received on the contract, probably twice as much as we received on the volume."

No other evidence as to damages was introduced and the trial court found on this evidence that cross-complainant had been damaged in the sum of $1,892.50, apparently permitting the cross-complainant to retain the deposit of $1,400 which the contract provided might be retained by the seller for its agreed costs and expenses under certain conditions and awarding an additional sum of $1,892.50. There was no testimony whatever as to what the beer was sold for or that the damages were in fact the sum of 45 cents per case, as alleged in the cross-complaint.

On the record before us, we conclude that the court committed error in allowing the sum mentioned for damages upon the evidence produced and in refusing to permit the plaintiff to introduce evidence to establish an account stated.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.