[Civ. No. 56229. Second Dist., Div. Five. Mar. 25, 1980.]

GWEN GLEASON, Plaintiff and Respondent, v.
REUBEN KLAMER, Defendant and Appellant.

COUNSEL

Swartz & Swartz and Jacob Swartz for Defendant and Appellant.

Irmas, Simke & Chodos and Richard A. Fond for Plaintiff and Respondent.

OPINION

ASHBY, J.—This is an action by a law firm against a former client for fees for services rendered.[1] The complaint alleges three causes of action: (1) a common count for "the agreed and reasonable value" of services rendered to defendant Klamer at his special instance and request; (2) an open book account; and (3) an account stated. The trial court entered summary judgment in favor of plaintiff on the ground plaintiff had proved an account stated. Defendant appeals.

In March 1976 defendant retained the law firm to represent him in his marriage dissolution and agreed to pay the firm a reasonable fee of not less than $100 per hour for members and $75 per hour for associates.

Prior to the termination of the dissolution proceedings, the firm ceased representing defendant on January 13, 1977. The basis for the asserted account stated was the bill which the firm sent to defendant on March 14, 1977, and defendant's reply thereto on March 25, 1977.

The bill was set up as follows:

| | |
|---|---|
| For professional services rendered and costs incurred in December 1976 and January and February 1977 | $3,118.65 |
| Balance from prior statement | 9,918.00 |
| Less payments received | −4,000.00 |
| Balance due | $9,036.65 |

Attached to the statement was a brief summary of the services rendered in December, January, and February.[2]

Attorney Simke wrote a letter accompanying the statement, stating: "Enclosed please find itemized statements for the months of December,

---

[1]The nominal plaintiff, Gwen Gleason, is the assignee of the attorneys, Irmas, Simke & Chodos, Inc., a professional corporation.

[2]The brief services in February apparently involved consultation with defendant's new attorney, Howard Miller.

1976 and January and February, 1977. [¶]....[¶] Now that you have all of this information, I want an immediate acknowledgement of our bill and a plan for the payment thereof."

On March 25 defendant replied: "Your itemized statements for the months of December, 1976, January, 1977, and February, 1977, have been received and reviewed by me. [¶] They are in order, and I hereby acknowledge for payment by me as billed. [¶] I am sending Jim Bay a copy of this letter in order to arrange for a plan of payment of the unpaid balance—such plan to be acceptable to you."

Defendant opposed the motion for summary judgment on the grounds that the attorney's fees of over $13,000 were excessive and unreasonable because the attorneys did a bad job amounting to malpractice, charged defendant for unnecessary services, made only one court appearance, and abandoned defendant by resigning. Defendant contended that his March 25 letter was written at a time when he was under great physical, mental, and emotional strain. Plaintiff replied that the reasonable value of the services was irrelevant to the cause of action for account stated, and that defendant had shown insufficient grounds for relief from liability on the account stated.

The trial court granted summary judgment against defendant in the amount of $8,036.65, plus interest, which is the full balance due listed on the March 14 statement, less $1,000 which defendant had subsequently paid.

We hold that the judgment must be reversed. Although the declarations submitted in support of and in opposition to the motion establish the elements of an account stated, there remains a triable issue of fact as to whether defendant's letter conceded the entire amount due, or only the $3,118.65 for December, January, and February.

## Discussion

█ An account stated is an agreement, based on the prior transactions between the parties, that the items of the account are true and that the balance struck is due and owing from one party to another. (*Trafton* v. *Youngblood* (1968) 69 Cal.2d 17, 25 [69 Cal.Rptr. 568, 442 P.2d 648]; *Gardner* v. *Watson* (1915) 170 Cal. 570, 574 [150 P. 994].) When the account is assented to, "'it becomes a new contract. An action on it is not founded upon the original items, but upon the balance

agreed to by the parties. . . .' Inquiry may not be had into those matters at all. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement." (*Gardner* v. *Watson, supra.*)

■ The account stated may be attacked only by proof of "fraud, duress, mistake, or other grounds cognizable in equity for the avoidance of an instrument." (*Gardner* v. *Watson, supra*, 170 Cal. at p. 576; *Wenban Estate, Inc.* v. *Hewlett* (1924) 193 Cal. 675, 702 [227 P. 723]; *Downing* v. *Murray* (1896) 113 Cal. 455, 462 [45 P. 869].) The defendant "will not be heard to answer when action is brought upon the account stated that the claim or demand was unjust, or invalid." (*Gardner* v. *Watson, supra*, at pp. 575, 577.)

■ Viewed as a new contract which ordinarily forecloses further dispute as to the items of which it is composed, an account stated is subject to a presumption of undue influence when entered between an attorney and client during their fiduciary relationship. The burden is on the attorney to show that the transaction was fair and regular and entered voluntarily by the client with full knowledge of the facts. (*Trafton* v. *Youngblood, supra*, 69 Cal.2d 17, 25, 27, 28; Annot. (1967) 13 A.L.R.3d 701, 710-798.)

In the particular circumstances of this case, however, we hold the presumption of undue influence was inapplicable, because the record established that at the time of the account stated, the fiduciary relationship had terminated. Attorney Simke wrote to defendant on February 24, 1977, stating: "*We ceased being your counsel on January 13, 1977.* As yet, you have not acknowledged your indebtedness to our firm nor made any arrangements for the payment thereof. *At the suggestion of your present counsel, Howard Miller, I wrote to your new accountant advising him of the bill, asking for an acknowledgment of the indebtedness and requesting an arrangement for the payment thereof.* I have not heard from anyone regarding the letter or its contents.

"In view of the broken promises regarding payment and your failure to even acknowledge the indebtedness, I am compelled to take action to secure payment of my bill.

"Unless satisfactory arrangements are made for the payment of our bill within five days from the date of this letter, I will forthwith file suit

and seek judicial relief." (Italics added.) The attorney later sent a copy of the bill with the March 14 letter demanding acknowledgment.

The fact that the attorney had completed his services would not by itself necessarily dispel the influence of the fiduciary relationship. (Annot., *supra*, 13 A.L.R.3d 718-722.) But in this case there are additional circumstances. Defendant had a new attorney representing him in the same matter. Furthermore, defendant's own declaration in opposition to the motion for summary judgment states that he discussed his predicament with his accountant, James Bay, who was paying all of defendant's bills under a trust arrangement, and Mr. Bay advised defendant to send the March 25 letter to avoid being sued. Thus the record clearly indicates that at the time of the account stated the attorney-client relationship between defendant and the firm no longer existed, defendant had a new attorney, and defendant received the independent advice of his accountant before sending the March 25 letter acknowledging the debt. ■ The presumption of undue influence did not apply, and the burden was on defendant to raise triable issues of fact which would support an avoidance of the account stated on some equitable ground.

In this respect defendant's declaration in opposition to the motion stated as follows:

"With respect to the letter relied upon by the plaintiff as an 'acknowledgment' (Exhibit 'A' of the motion), said letter was written at a time when I was in extreme ill health, and all of my financial affairs were being handled by my accountant James Bay. At the time, I was not only suffering great physical pain, I was in a deep state of depression and confusion, and I felt that I was helpless to contest Mr. Simke's claim, even though I felt that he was not justly entitled to charge me.

"In addition, all of my financial affairs were being handled by my accountant James Bay in a trust arrangement wherein he received all of my income and he was paying all of the bills that could be paid with the amount of income that he was receiving.

"In addition, I was in the midst of a nightmare of a divorce case, and Mr. Simke was at the same time threatening to file suit against me for the fees he claimed I owed him for his services.

"Mr. Bay advised that the said letter be written to Mr. Simke in order to avoid being sued by Mr. Simke, and, at the time, I was unaware of my legal rights to contest his fees for the matters stated above. I did not learn til later that Mr. Simke's conduct constituted grounds for a defense against his claimed charges, nor that I was legally able to contest the amount of the charges.

"It should also be noted that even if the said letter is decided by the Court to constitute an acknowledgment within the scope of the cases by plaintiff, the letter acknowledged only the itemized statements for the months of December, 1976, January 1977 and February, 1977, which amount to $3,118.65. It should be specially noted that the letter does not acknowledge the amounts claimed to be owing for alleged previously rendered services in the amount of $5,918.00."

Defendant's declaration if believed established that he was under physical, mental and emotional strain, but not to such an extent as would justify rescission of the agreement. (*Smalley* v. *Baker* (1968) 262 Cal.App.2d 824, 832-836 [69 Cal.Rptr. 521].) No fraud, duress, coercion or undue influence on the part of the firm is shown. Although the firm was threatening legal action, this was *not improper* where the fiduciary relationship had ended and the parties were dealing at arm's length. Defendant received advice from his accountant to agree to the amount due. Although defendant claims to have been unaware he might have a defense to the full amount claimed by the attorneys, the record indicates he was represented by a new attorney who could have been consulted. What appears from defendant's declaration is a deliberate tactical choice to agree to the amount due in order to avoid the unpleasantness of an immediate lawsuit. He considered all the advantages and disadvantages of a particular course of action, and concluded to accept the account stated and settle in accordance with it. (*Downing* v. *Murray, supra*, 113 Cal. 455, 462.) Without a greater showing of legally cognizable fraud, undue influence, or mistake, the matter may not normally be reopened. We conclude defendant failed to raise a triable issue of fact to justify reopening the account stated.[3]

---

[3]The March 25 letter was signed with defendant's name by his secretary. Although never denying that the letter was sent with his authority, defendant questioned whether plaintiff had established such fact. The secretary testified in her deposition that although she did not remember that particular letter, as a matter of custom she would not have sent such a letter unless it had been authorized by defendant or defendant's accountant. Defendant's admission that his accountant advised him to write such letter also supports a finding that the letter was authorized by defendant.

██ However, the scope of the account stated remains for determination. ██ An account stated need not cover all the dealings or claims between the parties. There may be a partial settlement and account stated as to some of the transactions. (*California Milling Corp.* v. *White* (1964) 229 Cal.App.2d 469, 477 [40 Cal.Rptr. 301].) ██ Defendant clearly has at least raised a triable issue of fact as to whether the account stated is limited to the charges for the last three months of services rather than the entire relationship of the parties. The language of the two letters tends to support defendant's claim in his declaration that his acknowledgment was limited to the $3,118.65 of current charges. The attorney's cover letter of March 14 stated: "Enclosed please find itemized statements for the months of December, 1976 and January and February, 1977." Defendant's reply letter similarly referred to "your itemized statement for the months of December, 1976, January, 1977, and February, 1977, has been received and reviewed by me. [¶] *They* are in order, and I hereby acknowledge for payment by me as billed." (Italics added.) Were the trier of fact to resolve this ambiguity in defendant's favor, other amounts involved in the prior statement would still be subject to defense.

The judgment is reversed. The parties to pay their own costs on appeal.

Kaus, P. J., and Hastings, J., concurred.