**Mark C. BOON, Plaintiff,**

v.

**PROFESSIONAL COLLECTION CONSULTANTS, Defendant.**

Case No. 12–CV–03081–H (WMC).

United States District Court, S.D. California.

Jan. 31, 2014.

Patric Alexander Lester, Patric Lester & Associates, Scott M. Grace, Luftman Heck & Associates LLP, San Diego, CA, for Plaintiff.

Greg Lawrence, Law Offices of Clark Garen, Culver City, CA, for Defendant.

## ORDER:

### (1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; and
### (2) DENYING DEFENDANT'S MOTION TO STRIKE AS MOOT

MARILYN L. HUFF, District Judge.

On November 16, 2013, Plaintiff Mark Boon ("Plaintiff" or "Boon") filed a third amended complaint ("TAC") against Defendant Professional Collection Consultants ("Defendant" or "PCC"). (Doc. No. 24.) On December 9, 2013, PCC filed a motion to dismiss Boon's TAC pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. No. 26.) PCC's motion also requests that the Court strike certain material from Boon's TAC, pursuant to Federal Rule of Civil Procedure 12(f). On January 17, 2014, Boon filed an opposition to PCC's motion and indicated no oral argument was requested. (Doc. No. 30.) On January 24, 2014, PCC filed a reply. (Doc. No. 33.) On January 27, 2013, the Court, pursuant to its discretion

under Local Rule 7.1(d)(1), submitted the motion on the parties' papers. (Doc. No. 35.) The Court grants PCC's motion for summary judgment and denies PCC's motion to strike as moot.

### Background

In June 2008, Boon defaulted on an account with Chase Bank USA, NA ("Chase"). (Doc. No. 26–1 at 10.) Subsequently, Chase sold the claim on that debt to Turtle Creek Assets, LLC. (Doc. No. 26–1 at 11.) Turtle Creek Assets, LLC then sold the claim on the debt to Wireless Receivables Acquisition Group LLC. (Doc. No. 26–1 at 11.) Finally, Wireless Receivables Acquisition Group LLC assigned the claim to Defendant PCC. (Doc. No. 26–1 at 11; Doc. No. 30 at 18.)

On February 1, 2012, PCC filed a lawsuit in California state court against Boon ("the state court action") to collect on the debt. (Doc. No. 26–1 at 11; Doc. No. 30 at 18.) Boon filed an answer in the state court action asserting that the statute of limitations had run on the debt before PCC filed suit. (Doc. No. 26–1 at 12.) On October 18, 2012, PCC voluntarily dismissed the state court action against Boon. (Doc. No. 26–1 at 12.)

### Procedural History

On December 31, 2012, Boon filed a complaint against PCC in this Court alleging causes of action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), Cal. Civ.Code § 1788 et seq. (Doc. No. 1.) On May 31, 2013, PCC filed a motion to dismiss in response to the complaint. (Doc. No. 9.)

On June 18, 2013, Boon filed his first amended complaint as a matter of right

pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 11.) On July 5, 2013, PCC filed a motion to dismiss in response to the first amended complaint. (Doc. No. 13.) On August 1, 2013, 958 F.Supp.2d 1129 (S.D.Cal.2013), the Court granted PCC's motion to dismiss with leave to amend. (Doc. No. 17.)

On August 30, 2013, Boon filed his second amended complaint. (Doc. No. 18.) On September 18, 2013, PCC filed a motion to dismiss Boon's second amended complaint. (Doc. No. 19.) On October 17, 2013, the Court granted PCC's motion to dismiss with leave to amend. (Doc. No. 23.)

On November 16, 2013, Boon filed his third amended complaint. (Doc. No. 24, "TAC".) On December 9, 2013, PCC filed a motion to dismiss Boon's TAC, or in the alternative, for summary judgment. (Doc. No. 26.) PCC's motion also seeks to strike certain paragraphs from Boon's TAC. (*Id.*)[1]

### Discussion

## I. Legal Standard for Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Nat'l Ass'n of Optometrists & Opticians v. Harris,* 682 F.3d 1144, 1147 (9th Cir.2012) *cert. denied,* —— U.S. ——, 133 S.Ct. 1241, 185 L.Ed.2d 178 (2013). A

---

1. Because the Court grants PCC's motion for summary judgment, the Court denies PCC's motion to strike as moot.

dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23, 106 S.Ct. 2548. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987). Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the nonmoving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548. The nonmoving party cannot oppose a properly supported summary judgment motion by "rest[ing] on mere allegations or denials of his pleadings." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. "The 'opponent must do more than simply show that there is some metaphysical doubt as to the material fact.'" *Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 265–66 (9th Cir. 1991) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Furthermore, the nonmoving party generally "cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." *Van Asdale v. Int'l Game Tech.,* 577 F.3d 989, 998 (9th Cir.2009) (citing *Kennedy,* 952 F.2d at 266).

When ruling on a summary judgment motion, the district court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348; *Nelson v. City of Davis,* 571 F.3d 924, 927 (9th Cir.2009) (holding a court must deny summary judgment if any rational trier of fact could resolve an issue in favor of the nonmoving party).

## II. Defendant PCC's Motion for Summary Judgment

PCC moves for summary judgment on the grounds that there are no genuine issues of material fact regarding the state court action and offers documentation in support of its position. (*See* Doc. No. 26; Doc. No. 26–2, Exs. 8–9.) Boon opposes the motion for summary judgment, (Doc. No. 30), but puts forward no affirmative evidence to demonstrate a genuine issue of material fact.

### A. Whether the State Court Action Was Filed in Good Faith

 Filing a debt collection lawsuit is not a violation of the FDCPA or Rosenthal Act, "even if the debt collector does not at the time of filing have adequate proof to support the claim." *Mansfield v. Midland Funding, LLC,* Case No. 09CV358 L WVG, 2011 WL 1212939, at *5 (S.D.Cal. Mar. 30, 2011) (citing *Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324, 333 (6th Cir.2006)); *Odish v. CACH, LLC,* Case No. 12CV1710 AJB DHB, 2012 WL 5382260, at *7 (S.D.Cal. Nov. 1, 2012); *Alaan v. Asset Acceptance LLC,* Case No. 10CV328–WQH–BLM, 2011 WL 3475378, at *7 (S.D.Cal. Aug. 8, 2011).

 Furthermore, a litigant has a legal right to voluntarily dismiss a debt collection action, and such a dismissal does not constitute an FDCPA violation. *Odish,* 2012 WL 5382260, at *7; *Velazquez v. Arrow Fin. Serv. LLC,* Case No.

08CV1915H(NLS), 2009 WL 2780372, at *3 (S.D.Cal.2009) (explaining that electing to dismiss a claim without prejudice does not amount to an FDCPA violation); *see also Heintz v. Jenkins*, 514 U.S. 291, 295–96, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995).

■ PCC moves for summary judgment on the grounds that Boon's allegations of bad faith in the state court action are unsupported by the present in the record. (Doc. No. 26–1 at 8–10.) PCC has submitted its' account summary notes regarding Boon, which it possessed prior to filing the state court action. (Doc. No. 26–2, Ex. 8, Ex. 9 ¶ 13.)[2] PCC has also filed a declaration by Todd Shields, President of PCC. (*Id.*, Ex. 9.) Shields asserts that PCC intended to litigate the state court action to conclusion at the time it was filed, but decided to voluntarily dismiss the case for strategic and financial reasons. (*Id.*, Ex. 9 ¶ 15.) From this evidence, the Court determines that PCC has met its initial burden to establish the absence of any genuine issue of material fact regarding the state court action. *Celotex*, 477 U.S. at 323, 106 S.Ct. 2548.

Boon responds with a conclusory allegation that PCC's filing of the state court action constituted a violation of the FDCPA because PCC acted in bad faith and without adequate documentation. (Doc. No. 30 at 19.) But Boon has failed to produce any evidence to show bad faith on the part of PCC in the state court action. Consequently, Boon has not satisfied his burden to show that any genuine issue of material fact remains regarding the state court action. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.[3]

**B. Whether PCC Filed the State Court Action After the Statute of Limitations Had Run**

■ PCC moves for summary judgment on Boon's claim that the state court action was filed after the applicable statute of limitations had run and therefore constituted an FDCPA violation. (Doc. No. 26–1 at 9.) PCC argues that the state court action was grounded upon claims for an open book account and account stated, and that the California four year statute of limitations had not run on those claims. (Doc. No. 26–1 at 5); Cal.Civ.Proc.Code § 337.

■ An account stated claim does not rest upon the original dealings and trans-

---

**2.** Federal Rule of Evidence 803(6) permits the Court to consider records of regularly conducted business activity that would otherwise be excluded as hearsay. *See also U–Haul Int'l, Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043 (9th Cir.2009) (holding computer printouts are admissible as business records). PCC filed an exhibit containing an account summary relating to Boon's debt. (Doc. No. 26–2 Ex. 8.) Along with this exhibit, PCC filed a declaration by Todd Shields, President of PCC, asserting that the account summary was prepared at or around the time of the transaction involving Boon's account, as a business record for PCC. (*Id.* Ex. 9 ¶ 12.) Therefore, the Court may consider this evidence as part of the record for summary judgment. Fed.R.Civ.P. 56(c)(4).

**3.** Boon filed his first complaint in 3 this case on December 31, 2012. (Doc. No. 1.) Over a

year later, Boon requests a continuance on PCC's summary judgment motion in order to conduct discovery. (Doc. No. 30 at 24; Doc. No. 30–1 ¶¶ 5–7.) The Court retains broad discretion in deciding whether a continuance is appropriate. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir.2001) (citing *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir.), *amended by* 764 F.2d 675 (9th Cir. 1985)). After considering the diligence of the party seeking the continuance, whether continuance would be useful, the extent to which the continuance would inconvenience the Court and the opposing party, and the potential prejudice, the Court determines that a continuance would not be appropriate in this case. *State Farm Fire & Cas. Co. v. Willison*, 833 F.Supp.2d 1200, 1211 (D.Haw. 2011).

actions of the parties. *O'Bryne v. Portfolio Recovery Associates LLC,* Case No. 12CV447–IEG NLS, 2013 WL 1223590, at *4 (S.D.Cal. Mar. 26, 2013) (quoting *Gardner v. Watson,* 170 Cal. 570, 574, 150 P. 994 (1915)). Rather it is a new claim consisting of "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due." *Id.* at *3 (quoting *Zinn v. Fred R. Bright Co.,* 271 Cal.App.2d 597, 600, 76 Cal.Rptr. 663 (1969)).

The appropriate statute of limitations for the open book and account stated claims in the state court action is determined by analysis of California's choice of law rules. "Under California's choice of law rules, California will apply its own rule of decision unless a party invokes the law of a foreign state that 'will further the interest of the foreign state....'" *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1080 (9th Cir.2009) (citing *Hurtado v. Superior Court,* 11 Cal.3d 574, 581, 114 Cal.Rptr. 106, 522 P.2d 666 (1974)). California courts employ a "governmental interest analysis" to assess whether California law or non-forum law should apply. *Hurtado,* 11 Cal.3d at 579–80, 114 Cal.Rptr. 106, 522 P.2d 666. "Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." *Deutsch v. Turner Corp.,* 324 F.3d 692, 716 (9th Cir.2003).

Boon cannot adequately oppose summary judgment on the statute of limitations issue by relying on his pleadings.

*Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Boon has submitted no evidence to dispute that PCC initiated a suit based on common law causes of action in California state court against a California resident. (*Cf.* Doc. No. 13–2 at 4–6.) In these circumstances, the Court determines that the California statute of limitations applied in the state court action, and therefore that there is no genuine issue of material fact regarding the timeliness of PCC's state court claims

### Conclusion

For the foregoing reasons, the Court grants PCC's motion for summary judgment on all claims contained in Boon's third amended complaint. As a result, the Court denies as moot PCC's motion to strike.[4] The Court directs the Clerk to close the case.

**IT IS SO ORDERED**

---

**4.** Defendant PCC also requests an order permitting it to file a motion for an award of attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3). Unless a statute or court or-

der provides otherwise, a claim for attorney's fees may only be filed after the entry of judgment. Fed.R.Civ.P. 54(d)(2)(B).