[Civ. No. 842.  First Appellate District.—October 31, 1910.]

## E. H. WILLIAMS, Respondent, v. GEORGE BRAUN, Appellant.

ACTION FOR GOODS SOLD—CHECK ON ACCOUNT—DISHONOR—INSOLVENCY OF BANK—DELAY IN NOTICE—INJURY NOT SHOWN—PLEA OF PAYMENT UNTENABLE.—In an action for goods sold, where the sale and delivery are unquestioned, and defendant claimed part payment by a check drawn toward the account, which was presented for payment to the bank on which it was drawn two days later, and was dishonored by reason of the insolvency of such bank, the mere delay of written notice of such dishonor until forty days thereafter cannot, in the absence of any claim of loss or injury resulting from such delay, sustain a plea of part payment to the extent of such check.

ID.—COMMON-LAW RULE AS TO CHECKS—WANT OF DILIGENCE—SHOWING OF INJURY ESSENTIAL.—At common law, the maker of a check could not be exonerated from liability by the mere failure of the payee to present the check or to give notice of its dishonor with due diligence, except to the extent that he could show injury to himself consequent upon such want of diligence.

ID.—REASON OF RULE—CHECK A REQUEST FOR PAYMENT FROM SUPPOSED FUNDS—MAKER A PRINCIPAL DEBTOR—RIGHTS LIMITED.—The common-law rule as to checks is founded in reason and justice. One who is indebted to another, and has given a check to his creditor, does not, by the mere giving of the check, pay the debt. A check is only a request to another to pay to the payee thereof the sum named out of funds supposed to be on deposit to meet it. If the money is not paid, the maker of the check remains the principal debtor, and is not a surety. He is at most entitled only to such presentment

and notice as will save him from loss, and cannot profit by a neglect which could do him no injury.

ID.—COMMON-LAW DISTINCTION BETWEEN BILLS OF EXCHANGE AND CHECKS—EFFECT OF NEGLIGENCE.—At common law, bills of exchange stand upon a different footing from checks. Negligence as to presentment or notice of dishonor of a bill of exchange absolutely discharges the drawer from liability, while the maker of a check is not thereby discharged from liability except to the extent to which it can be shown that he has suffered actual loss from negligence.

ID.—CONSTRUCTION OF CODE AS TO BILLS OF EXCHANGE AND CHECKS—PRESENTMENT AND NOTICE OF DISHONOR.—Section 3177 of the Civil Code, which provides: "The rights and obligations of a drawee of a bill of exchange are the same as those of the first indorser of any other negotiable instrument," though it seems to include a check so far as notice of dishonor is concerned, yet it is to be construed with section 3255 of the same code, which provides as to checks: "The drawer and indorsers are exonerated by delay in presentment only to the extent of the injury which they suffer thereby." The presentment of the check being the first and material thing, and the notice of dishonor only a secondary matter, the evident spirit and meaning of section 3255 is that delay in presentment, or in giving notice of dishonor, exonerates the drawee only to the extent of the injury he has suffered thereby. This construction accords with justice, and with the long-established law as to notice of dishonor of checks.

ID.—ABSENCE OF INJURY FROM FAILURE IN PRESENTMENT—DELAY IN NOTICE OF DISHONOR IMMATERIAL.—Under the facts of this case, even if the check had not been presented to the insolvent bank, the defendant would have suffered no injury, and the act of presenting it was not necessary to bind the defendant. If the plaintiff did an unnecessary thing in making presentment, the delay in notifying the defendant of having done an unnecessary thing could not release the defendant.

ID.—OWING OF DEBT SUED—ABSENCE OF INJURY FROM DELAY IN NOTICE—CHECK NOT ALLOWED AS PAYMENT.—As defendant owed the amount of the debt sued upon, and as he has not been injured by the delay in giving notice of dishonor of the check given by him, he cannot claim that the check was a payment on account of the debt.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. H. Buck, Judge, presiding.

The facts are stated in the opinion of the court.

tum Suden & tum Suden, for Appellant.

Jos. E. Bien, for Respondent.

COOPER, P. J.—This action was brought to recover $800.75 for goods sold and delivered by plaintiff's assignor to defendant at his special instance and request. Plaintiff recovered judgment, and this appeal is prosecuted from the said judgment. The only question is as to a check of $700 given by defendant to plaintiff, which defendant claims constituted a payment under the circumstances as disclosed by the record.

On the twenty-eighth day of October, 1907, defendant gave to plaintiff's assignor a check on the California Safe Deposit and Trust Company for the sum of $700. The check was presented for payment during banking hours on the thirtieth day of October, 1907, but was not paid for the reason that the bank had become insolvent and had just closed its doors a few moments before the check was presented. It is admitted that the check was presented within a reasonable time, or at least, no question is made as to delay in presenting the check. Written notice of the dishonor of the check was not given to the defendant until December 10, 1907; and the sole contention of defendant is that by reason of the delay in giving the notice defendant cannot be held liable for the indebtedness to the extent of the check.

The delivery of the goods and the value thereof as alleged were not questioned. No claim is made that defendant suffered any injury by reason of the delay in giving him notice of the dishonor of the check. At common law the maker of a check could not be exonerated by the failure of the payee to present the check, or to give notice of its dishonor, with due diligence, except to the extent that he could show injury to himself consequent upon such delay in the presentment of the check or in giving notice of its dishonor. Such rule has its foundation in reason and justice. The person who is indebted to another and gives a check to his creditor does not by the mere giving of the check pay the indebtedness. A check is only a request to another to pay to the payee thereof the sum named therein out of the funds supposed to be deposited to meet such check. If the drawee does not comply with the request the fund is still there and the debtor still owes the money. He is the principal and not a surety like an indorser. It is quite different from the case of an ordinary bill of exchange, or of one who indorses such

bill, or even of one who indorses such check. It is said in Daniel on Negotiable Instruments (fifth edition, section 1587): "But there is an important distinction as to the extent of the legal consequence of neglect and delay in presentment and notice, between bills and checks. It is true that the indorsers of such instruments stand on the same footing in reference to the effect of delay, or failure in making presentment, or giving notice. They are absolutely and entirely discharged, if presentment be not made within a reasonable time, and due notice given. But the drawer of a bill stands upon a different footing from the drawer of a check. In the case of a bill of exchange, negligence, in respect to presentment or notice, absolutely discharges the drawer. But the drawer of a check is regarded as the principal debtor, and the check purports to be made upon a fund deposited to meet it. And the negligence of the holder in not making due presentment, or not giving him notice of dishonor, does not absolutely discharge him from liability unless he has suffered some loss or injury from such negligence, and then only to the extent of such loss or injury. He is at most entitled only to such presentment and notice as will save him from loss. Were it otherwise the drawer would profit by a neglect which could do him no injury."

The rule as stated by the author is supported by many authorities cited in the note to the section. The same rule is laid down in Story on Promissory Notes, section 492, where it is said: "In case of a check the drawer is treated as in some sort the principal debtor, and he is not discharged by any laches of the holder in not making due presentment thereof, or in not giving him notice of the dishonor, unless he has suffered some loss or injury thereby, and then only *pro tanto.*"

In *Allen* v. *Kramer*, 2 Ill. App. 205, the ruling is in accord with the text-books just quoted, The court there said: "The law is well settled that want of presentment or notice of dishonor of a check does not discharge the drawer unless he has suffered some loss or injury thereby." (See further, *Heartt* v. *Rhodes*, 66 Ill. 351; *Stevens* v. *Park*, 73 Ill. 387; *Griffin* v. *Kemp*, 46 Ind. 173; *Henshaw* v. *Root*, 60 Ind. 220; *Gregg* v. *George*, 16 Kan. 546; *Spink & Keyes Drug Co.* v. *Ryan Drug Co.*, 72 Minn. 178, [71 Am. St. Rep. 477, 75 N. W. 18].)

The rule as above stated is too well settled even for appellant to dispute it, but he claims that it has been changed by the Civil Code, section 3177, which provides: "The rights and obligations of a drawer of a bill of exchange are the same as those of the first indorser of any other negotiable instrument," and that a check, so far as notice of its dishonor is concerned, is on exactly the same footing as a bill of exchange. It must be admitted that the section, standing alone, lends much plausibility to appellant's argument; but we must read the section in the light of other sections of the code, and consider them together, if such construction can be reasonably given so as to uphold the well-settled rule as hereinbefore stated. It would require a very plain and mandatory declaration to induce the court to believe that the legislature intended to sweep aside a rule long established and founded upon principles of justice, and in lieu adopt a rule that would release the debtor who has not paid his creditor upon mere proof that he was not promptly notified of the dishonor of his check, when such notification could not and did not change his condition or his ability to protect his funds in the hands of the drawee, and no injury was occasioned by such delay. Now while a check is a bill of exchange payable on demand without interest, the code provides (section 3255): "A check is subject to all the provisions of this code concerning bills of exchange except that (1) The drawer and indorsers are exonerated by delay in presentment, only to the extent of the injury which they suffer thereby; (2) An indorsee, after its apparent maturity, but without actual notice of its dishonor, acquires a title equal to that of an indorsee before such period." This section provides that the drawer and indorsers are exonerated by delay in presentment *only to the extent of the injury which they have suffered thereby.* It is therefore plain that if the check in this case had not been presented the defendant would have suffered no injury, and the act of presenting it was not necessary in order to bind defendant. If, therefore, the plaintiff did an unnecessary thing, it seems reasonable that the failure to notify defendant thereof could not release the defendant. The presentment of the check was the principal thing, and it necessarily had to be presented before the defendant could be notified of its presentment and dishonor. If a delay in the presentment could not, under

the circumstances of this case, have injured the defendant, it is difficult to see how upon principle he could have been injured by the delaying in giving notice of having done an unnecessary thing. The presentment of the check was the first and material thing, and the giving of notice was only a secondary matter. As defendant owed the amount, and as he has not been injured by the delay in giving notice of dishonor, he cannot claim that the check for $700 was payment. The evident spirit and meaning of section 3255 is that delay in presentment *or in giving notice of dishonor* exonerates the drawee only to the extent of the injury he has suffered thereby. This construction is evidently in accord with justice and with the law which has been long established in regard to a notice of dishonor of checks.

The judgment is affirmed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 29, 1910.