[Civ. No. 9309.    Fourth Dist., Div. One.    Apr. 9, 1969.]

REX ZINN, as Administrator, etc., Plaintiff and Respondent, v. FRED R. BRIGHT COMPANY, INC., Defendant and Appellant.

598

Wien, Thorpe & Sutherland and Lowell F. Sutherland for Defendant and Appellant.

Ewing, McKee & Kirk and Russell J. Kirk for Plaintiff and Respondent.

AULT, J. pro tem.*—By amended complaint, the plaintiff, as administrator of the estate of Charles Kano, deceased, sued to recover the sum of $3,045.73 from the defendant Fred R. Bright Company, Inc. The amended complaint is in two causes of action, each in the form of a common count. The first count is framed as an account stated; the second seeks recovery on an open book account. After trial, the court found for the plaintiff on both counts and judgment was entered against the defendant in the amount prayed for in the complaint. From this judgment the defendant appeals.

The record reveals that in November 1962, the decedent, Charles Kano, was an employee of the defendant, Fred R. Bright Company, Inc. As an employee, he was entitled to a bonus based upon his employer's profit for the preceding crop-year. The amount of that bonus was computed by defendant's accountant to be the sum of $5,073.93. To pay this obligation the defendant employer issued and delivered two checks to Mr. Kano. The first check bore the number 19865 and was in the amount of $1,500. This check was presented and paid. The second check was dated November 14, 1962, bore the number 19866 and was in the amount of $3,045.73. An entry on the face of the check indicated the total amount due was $3,573.93. A second entry, also on the face of the check, showed that the sum of $528.20 had been previously advanced to Mr. Kano and was deducted from the total amount due. The face amount of the two checks, when added to the sum advanced, is equal to the bonus due as computed by defendant's accountant. The second check bore the printed notation: "If not cashed in 60 days this check is void."

*Assigned by the Chairman of the Judicial Council.

The second check was retained by decedent and was never presented to the bank for payment. He died on September 19, 1966, and the uncashed check was found among his papers. It was stipulated that had the check been presented within 60 days of its date, defendant's account contained sufficient funds to pay it.

Plaintiff has not sued directly on the check. He does, however, rely on the check to establish an account stated. At the trial the check was offered and received in evidence over objection. It is appellant's primary contention on appeal that the check, issued to decedent and never presented by him for payment, cannot become the basis for an account stated.

A pre-existing obligation may be converted into an account stated by the use of a check (Levy v. Prinzmetal, 134 Cal. App.2d Supp. 919, 923 [286 P.2d 1023]; 1 C.J.S., Account Stated, § 36, pp. 714-715, and cases cited therein), but we have found no case where the question of failure to present the check for payment was involved. ■ The essential elements of an account stated are: (1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due. (Bennett v. Potter, 180 Cal. 736, 745 [183 P. 156]; Hansen v. Fresno Jersey Farms Dairy Co., 220 Cal. 402, 408 [31 P.2d 359]; 1 Cal.Jur.2d, Accounts and Accounting, § 43, p. 367.)

■ We believe these criteria have been met and that the check together with other evidence establishes an account stated. Requirements (1) and (3) listed above are obviously satisfied and need no comment. The only arguable question is whether there is sufficient evidence that decedent agreed to and accepted the amount set forth in the check as the amount due him from the defendant.

■ The agreement of the parties necessary to establish an account stated need not be express and frequently is implied from the circumstances. In the usual situation, it comes about by the creditor rendering a statement of the account to the debtor. If the debtor fails to object to the statement within a reasonable time, the law implies his agreement that the account is correct as rendered. (California Bean Growers' Assn. v. Williams, 82 Cal.App. 434, 442 [255 P. 751]; Luse v. Peters, 219 Cal. 625, 629 [28 P.2d 357]; Shapiro v. Equitable Life Assur. Soc., 76 Cal.App.2d 75, 91 [172 P.2d 725].)

The novelty of the present case is that it presents the opposite of the usual situation. Here it is the debtor who has rendered the account by issuing its check in payment. The precise question to be answered becomes: Can the creditor's assent to the account as stated in the check be implied where he does not present the check for payment?

We find no explanation in the transcript of why the check was not cashed, and that mystery remains. We do find evidence, however, which refutes the proposition that decedent's failure to cash the check resulted from any disagreement with the amount. Mr. George Lockett, Jr., who was the defendant's office manager and accountant in 1962 and who issued and signed the check involved, testified at the trial. In response to questions on cross-examination by defendant, he stated that he had discussed the matter of the check with Mr. Kano on only one occasion and that was approximately five or six months after the check had been issued. He inquired because "the check kept turning up on the outstanding checks during the time of reconciliation." The final questions and answers on the subject are significant:

"Q. What remarks did you address to Mr. Kano with regard to the check?

"A. To the best of my recollection, I merely asked why he did not cash the check and if he would cash the check.

"Q. What was his response?

"A. Also to the best of my knowledge [sic], I don't remember whether he said he had or whether he would cash it."

If, at the time of this confrontation with a responsible employee of the defendant company, decedent had felt that the check did not represent the true amount due him from defendant, we think he would have said so. The answer he gave indicates acquiescence in the amount of the check and not objection thereto.

Whether the decedent acquiesced or agreed to the amount due him from the defendant as set forth in the check is a question of fact. (*Hemenover* v. *Lynip*, 107 Cal.App. 356, 363 [290 P. 1089].) The failure to present the check is a fact to be considered in arriving at the appropriate conclusion. Also to be considered in this connection is the fact that decedent accepted the check, retained it for a long period of time and made no protest to the defendant concerning it. From this conduct, an inference arises that he agreed the amount set forth in the check was the amount due him from the defend-

602

ant. (*California Bean Growers' Assn.* v. *Williams, supra,* 82 Cal.App. 434, 442; *Luse* v. *Peters, supra,* 219 Cal. 625, 629; *Shapiro* v. *Equitable Life Assur. Soc., supra,* 76 Cal.App.2d 75, 91.) Under well-established rules governing appellate review, we must assume that the trial court drew the latter inference and concluded it outweighed the contrary inference of nonagreement which might arise from the failure to present the check for payment.

■ "Where two or more inferences may reasonably be deduced from a certain state of facts or circumstances, a reviewing court is not permitted to substitute its deductions for those of the trial court." (*Wilbur* v. *Wilbur,* 197 Cal. 1, 7 [239 P. 332] ; see also *Cottle* v. *Gibbon,* 200 Cal.App.2d 1, 4 [19 Cal.Rptr. 82].) ■ There is substantial evidence in the record to support the trial court's finding that an account was stated between decedent and defendant on November 15, 1962, wherein it was agreed that defendant was indebted to decedent in the sum of $3,045.73.

■ Defendant also contends on appeal that in permitting the check to be used as the basis for an account stated, it was unfairly deprived of defenses which would have been available had the suit been on the check itself or upon the underlying obligation. It complains that the statute of limitations on the underlying obligation (an oral agreement to pay for services rendered) is two years, whereas the statute of limitations on an account stated is four years. Where parties by agreement convert a previously existing obligation into an account stated, it frequently results that a longer period of limitation becomes applicable. We see no unfairness in this result. If plaintiff sued on the underlying obligation, he faced a two-year statute of limitations (Code Civ. Proc. § 339, subd. 1) ; if he sued directly on the check, it bore the notation that it was void if not cashed in 60 days. Given a choice, no rule of law or requirement of fair play compels a party to select and pursue that theory of a case which is most advantageous to his adversary.

■ It is also urged that the effect of permitting plaintiff to proceed on the theory of an account stated is to deprive defendant of the benefit of Civil Code section 3265b which at the time involved read: "A check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay."

We see no reason why the offset provided in this section was

not as available to defendant in defense to an action upon an account stated as in an action upon the check itself. If defendant suffered loss by reason of decedent's failure to present the check, payment of which would have satisfied the obligation, that defense could and should have been pleaded in this action. Defendant originally asserted the affirmative defense of laches, but stipulated that a demurrer to that defense could be sustained without leave to amend. Laches is an equitable defense and it cannot be pleaded as a defense in a case at law. (*Brownrigg* v. *de Frees,* 196 Cal. 534, 539 [238 P. 714] ; *Smith* v. *Los Angeles,* 66 Cal.App.2d 562, 568 [153 P.2d 69].) As pleaded, the affirmative defense dealt only with delay in bringing the action; it made no reference to delay in presenting the check and cannot be interpreted as an effort to bring into play the provisions of Civil Code section 3265b. In the trial court, as on appeal, defendant took the position that he had been deprived of the benefits of Civil Code section 3265b, but never, either by proper pleading or proof, attempted to assert the facts which would have made that section applicable. The contention that defendant was unfairly deprived of available defenses is without merit.

■ Finally, it is contended that defendant should have been allowed to amend its answer to plead the defense of payment. This request was made at the conclusion of the case and the basis for the motion was never clearly stated. The record before the trial court contained no evidence that the obligation sued upon had in fact been paid and the court denied the motion on that ground.

Defendant argues that under certain circumstances acceptance and retention of a check in itself constitutes payment. The cases cited by defendant to support this proposition (*Western Pac. Land Co.* v. *Wilson,* 19 Cal.App. 338 [125 P. 1076] ; *Conde* v. *Dreisam Gold Min. Co.,* 3 Cal.App. 583 [86 P. 825]), are based upon factual situations completely different from those under consideration here. Unless the parties expressly agree to the contrary, the rule is well established that the giving of a check constitutes conditional payment only. ■ The maker of a check should not be exonerated by the failure of the payee to present the check for payment, except to the extent he can show loss by reason of that failure. The rule is aptly stated in *Williams* v. *Braun,* 14 Cal.App. 396, 399 [112 P. 465] : " ' [T]he drawer of a check is regarded as the principal debtor, . . . And the negligence of the holder in not making due presentment, or not giving him notice of

dishonor, does not absolutely discharge him from liability unless he has suffered some loss or injury from such negligence, and then only to the extent of such loss or injury. He is at most entitled only to such presentment and notice as will save him from loss. Were it otherwise the drawer would profit by a neglect which could do him no injury.' ''

The motion to amend the pleading to assert the defense of payment was addressed to the sound discretion of the trial court and that court's ruling thereon may not be disturbed on appeal unless there is a clear showing of abuse of discretion. (*Fibreboard Paper Products Corp.* v. *East Bay Union of Machinists,* 227 Cal.App.2d 675, 726 [39 Cal.Rptr. 64] ; *Lewis & Queen* v. *S. Edmondson & Sons,* 113 Cal.App.2d 705, 711 [248 P.2d 973].) The motion to amend came at the conclusion of the trial and was not timely; it was not based upon evidence that had been offered or introduced during the trial; it cannot be interpreted as a motion to amend to plead facts which would bring the defendant within the provisions of Civil Code section 3265b. Under the circumstances, the motion was properly denied and no abuse of discretion appears.

The ruling that an account stated was properly proved makes unnecessary any discussion concerning the open book account. An account stated constitutes a new contract which supercedes and extinguishes the original obligation. If a book account existed by reason of defendant's records, it merged into and was superceded by the account stated. (*Jones* v. *Wilton,* 10 Cal.2d 493, 498 [75 P.2d 593] ; *Griswold* v. *Pieratt,* 110 Cal. 259, 263 [42 P. 820].) The favorable finding as to both accounts involves a technical inconsistency. Since either finding supports the judgment, the inconsistent finding may be disregarded as surplusage (*Freeman* v. *Jergins,* 125 Cal.App.2d 536, 561 [271 P.2d 210] ; *Baird* v. *Ocequeda,* 8 Cal.2d 700, 703 [67 P.2d 1055].)

The judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.