Mark C. BOON, Plaintiff,

v.

**PROFESSIONAL COLLECTION CONSULTANTS, Defendant.**

**No. 12–CV–03081–H (WMC).**

United States District Court, S.D. California.

Oct. 17, 2013.

---

Patric Alexander Lester, Scott M. Grace, Luftman Heck & Associates LLP, San Diego, CA, for Plaintiff.

Greg Lawrence, Law Offices Of Clark Garen, Culver City, CA, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

[Doc. No. 19.]

MARILYN L. HUFF, District Judge.

On September 18, 2013, Defendant Professional Collection Consultants ("Defendant" or "PCC") filed a motion to dismiss Plaintiff Mark Boon's second amended complaint for failure to state a claim. (Doc. No. 19.) On October 4, 2013, Plaintiff Mark Boon ("Plaintiff") filed a response in opposition to Defendant's motion to dismiss. (Doc. No. 21.) On October 9, 2013, Defendant filed a reply to Plaintiff's opposition. (Doc. No. 22.) On October 2, 2013, the Court, pursuant to its discretion under Local Rule 7.1(d)(1), determined this matter to be appropriate for resolution without oral argument and submitted the motion on the parties' papers. (Doc. No. 20.) For the reasons set forth below, the Court grants Defendant's motion to dismiss without prejudice.

### Background

In June 2008, Plaintiff Boon allegedly defaulted on an account with Chase Bank USA, NA ("Chase"). (Doc. No. 18 ("SAC") ¶ 20.) Subsequently, Wireless Receivables Acquisition Group LLC assigned the claim on that debt to Defendant PCC. (*Id.* ¶ 11.)

On February 6, 2012, PCC filed a lawsuit in California state court against Boon ("the state court action") to collect on the alleged debt. (*Id.* ¶ 9.) Boon filed an answer in the state court action asserting that the statute of limitations had run on the debt before PCC filed suit. (Doc. No. 19–1 at 5–6.) On October 18, 2012, PCC voluntarily dismissed the state court action against Boon. (SAC ¶ 30.)

On December 31, 2012, Plaintiff Boon filed a complaint against PCC in this Court alleging causes of action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA"), Cal. Civ.Code §§ 1788 et seq. (Doc. No. 1.) On May 31, 2013, Defendant PCC filed a motion to dismiss in response to the complaint. (Doc. No. 9.) On June 18, 2013, Plaintiff Boon filed his first amended complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. No. 11.) On July 5, 2013, Defendant PCC filed a mo-

tion to dismiss in response to the first amended complaint. (Doc. No. 13.) On August 1, 2013, the Court granted Defendant's motion to dismiss with leave to amend. 958 F.Supp.2d 1129, 2013 WL 3973084 (S.D.Cal.2013). On August 30, 2013, Plaintiff Boon filed his second amended complaint. (Doc. No. 18.) On September 18, 2013, Defendant PCC filed a motion to dismiss Plaintiff's second amended complaint. (Doc. No. 19.)

In his second amended complaint, Plaintiff Boon alleges PCC brought the state court action after the statute of limitations on Plaintiff's debt had run, and that the state court action therefore constituted improper debt collection in violation of the FDCPA and RFDCPA. (SAC ¶¶ 32–46.) In its motion to dismiss, Defendant PCC asserts that it is protected by the California litigation privilege and disputes that the applicable statute of limitations had run when it commenced the state court action. (Doc. No. 19.)

### Discussion

#### I. Legal Standard For a 12(b)(6) Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint upon a finding that the plaintiff has failed to state a claim upon which relief may be granted. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.2001). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." *SmileCare Dental Grp. v. Delta Dental Plan of Cal.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). However, a complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. Nevertheless, the reviewing court need not accept "legal conclusions" as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955. It is also improper for the court to assume "the [plaintiff] can prove facts that it has not alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. In deciding a motion to dismiss, the court draws all reasonable inferences in favor of the nonmoving party. *Ass'n for Los Angeles Deputy Sheriffs v. Cnty. of Los Angeles*, 648 F.3d 986, 991 (9th Cir.2011) *cert. denied*, —— U.S. ——, 132 S.Ct. 1797, 182 L.Ed.2d 618 (2012).

#### II. California's Litigation Privilege and the Rosenthal Act

California Civil Code Section 47(b) creates a litigation privilege for publications or broadcasts made in any judicial proceeding. Cal. Civ.Code § 47(b). The privilege is absolute in nature and is "applicable to any communication, whether or not it amounts to a publication, and all torts except malicious prosecution." *See*

*Silberg v. Anderson*, 50 Cal.3d 205, 215, 266 Cal.Rptr. 638, 786 P.2d 365 (1990) (citations omitted). The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg*, 50 Cal.3d at 212, 266 Cal.Rptr. 638, 786 P.2d 365; *see also Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 264 (9th Cir.2013).

■ Plaintiff's Rosenthal Act claim is premised on the allegation that Defendant PCC filed a lawsuit against Plaintiff outside of the applicable statute of limitations. Since Defendant's alleged conduct is limited to filings in the state court action, Defendant's conduct falls within the litigation privilege. *Taylor v. Quall*, 458 F.Supp.2d 1065, 1067–69 (C.D.Cal.2006) (dismissing RFDCPA claim based on time-barred debt suit because of litigation privilege); *see also Nickoloff v. Wolpoff & Abramson, L.L.P.*, 511 F.Supp.2d 1043, 1045 (C.D.Cal. 2007) (holding litigation privilege applies to RFDCPA claims); *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F.Supp.2d 1158, 1161–1165 (N.D.Cal.2007) (same); *Cassady v. Union Adjustment Co.*, No. C07–5405, 2008 WL 4773976, at *6–7 (N.D.Cal. Oct. 27, 2008) (same).

Plaintiff argues that the Court should analyze Defendant's conduct under a different line of cases, chief among them *Komarova v. Nat'l Credit Acceptance, Inc.*, 175 Cal.App.4th 324, 95 Cal.Rptr.3d 880 (2009), and *Oei v. N. Star Capital Acquisitions, L.L.C.*, 486 F.Supp.2d 1089 (C.D.Cal. 2006). (Doc. No. 21 at 18–19.) However, these cases are distinguishable on the facts from the present case.

In *Oei*, "after commencing a state-court collection action, defendants called the Oeis incessantly on the telephone, verbally harassing them and falsely accusing them of owing North Star an outstanding debt." *Oei*, 486 F.Supp.2d at 1100. Consequently, the district court found the Section 47 litigation privilege could not be used by debt collectors to shield their subsequent wrongful conduct. *Id.* at 1100–01. Likewise, in *Komarova*, the defendant debt collector's conduct consisted primarily of making threatening phone calls to the plaintiff, both before and after the debt collector filed an arbitration claim. *Komarova*, 175 Cal.App.4th at 331–336, 95 Cal. Rptr.3d 880. The California court held that the defendant debt collector could not tie the threatening phone calls to the filing of an arbitration claim and thereby evade the Rosenthal Act's prohibitions against calling without disclosing an identity, frequent calling amounting to harassment, and communications with an employer. *Id.* at 338–40, 95 Cal.Rptr.3d 880 ("We must nonetheless be mindful of the ease with which the Act could be circumvented if the litigation privilege applied. In that event, unfair debt collection practices could be immunized merely by filing suit on the debt.").

Plaintiff does not allege in his filings that PCC made any attempt to collect on the alleged debt other than filing the state court action. Since Plaintiff does not allege any violations of the Rosenthal Act apart from PCC's state court filings, there is no conflict between the Section 47 litigation privilege and the Rosenthal Act. *Cf. Komarova*, 175 Cal.App.4th at 340, 95 Cal. Rptr.3d 880. Accordingly, the Court concludes that the litigation privilege applies to Defendant's actions and that Plaintiff has failed to state a claim under the Rosenthal Act.

## III. Applicable Statute of Limitations

■ Plaintiff alleges that Defendant engaged in unfair debt collections practices

by suing Plaintiff to collect a debt after the alleged statute of limitations had run. (SAC ¶¶ 34–35, 37). A debt collector can be liable under the FDCPA for attempting to collect a time-barred debt via a lawsuit. *See, e.g., McCollough v. Johnson, Rodenberg & Lauinger,* 610 F.Supp.2d 1247, 1257 (D.Mont.2009) (holding "a debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.") *aff'd in relevant part sub nom. McCollough v. Johnson, Rodenburg & Lauinger, LLC,* 637 F.3d 939 (9th Cir. 2011); *Martinez v. Albuquerque Collection Servs., Inc.,* 867 F.Supp. 1495, 1506 (D.N.M.1994); *Kimber v. Fed. Fin. Corp.,* 668 F.Supp. 1480, 1487 (M.D.Ala.1987).

▆▆▆▆ Defendant asserts that the state court action was grounded upon claims for an open book account and account stated. (Doc. No. 19–1 at 20; Doc. No. 13–2 at 6.) "An account stated claim has three elements: '(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; (3) a promise by the debtor, express or implied, to pay the amount due.'" *O'Bryne v. Portfolio Recovery Associates LLC,* 12CV447–IEG NLS, 2013 WL 1223590, at \*3 (S.D.Cal. Mar. 26, 2013) (quoting *Zinn v. Fred R. Bright Co.,* 271 Cal.App.2d 597, 600, 76 Cal.Rptr. 663 (1969)). "The action upon an account stated is not upon the original dealings and transactions of the parties. Inquiry may not be had into those matters at all. It is upon the new contract by and under which the parties have adjusted their differences and reached an agreement." *Id.* at \*4 (quoting *Gardner v. Watson,* 170 Cal. 570, 574, 150 P. 994 (1915)).

Defendant argues that state court claims for open book account and account stated superceded any written contract between Plaintiff and Chase, and therefore that the Delaware choice of law provision did not apply in the state court action. (Doc. No. 19–1 at 23.) Instead, Defendant argues that the four year California statute of limitations for an open book account or account stated cause of action applied in the state court action, and therefore that the state court action was timely and did not violate the FDCPA. (*Id.*); Cal.Civ. Proc.Code § 337.

Plaintiff argues that if any claim for an open book account or account stated did exist, it would have been subject to Delaware law and the three year Delaware statute of limitations. (Doc. No. 21 at 20); 10 Del.Code. § 8106. Plaintiff argues that the issue of which statute of limitations applied in the state court action is a question of contract interpretation, and cites to California Civil Code § 1646. (Doc. No. 21 at 20.) But Plaintiff mistakes the issue; the appropriate statute of limitations for the open book and account stated claims is determined by analysis of California's choice of law rules.

▆▆▆▆ "Under California's choice of law rules, California will apply its own rule of decision unless a party invokes the law of a foreign state that 'will further the interest of the foreign state....'" *Paulsen v. CNF Inc.,* 559 F.3d 1061, 1080 (9th Cir.2009) (citing *Hurtado v. Superior Court,* 11 Cal.3d 574, 581, 114 Cal.Rptr. 106, 522 P.2d 666 (1974)). California courts employ a "governmental interest analysis" to assess whether California law or non-forum law should apply. *Hurtado,* 11 Cal.3d at 579–80, 114 Cal.Rptr. 106, 522 P.2d 666. "Where the conflict concerns a statute of limitations, the governmental interest approach generally leads California courts to apply California law." *Deutsch v. Turner Corp.,* 324 F.3d 692, 716 (9th Cir.2003).

PCC initiated a suit based on common law causes of action in California state court against a California resident. (*See* Doc. No. 13–2 at 4–6.) In these circumstances, the Court concludes that the California statute of limitations applied, and therefore that Defendant PCC's state court claims were not time-barred. Accordingly, the Court concludes that Plaintiff has failed to state a claim under the FDCPA.

### *Conclusion*

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's second amended complaint without prejudice. The Court grants Plaintiff 30 days from the date of this Order to file an amended complaint and cure the noted deficiencies, if he is so able.

**IT IS SO ORDERED**