FILED

NOT FOR PUBLICATION

DEC 07 2017

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROSANTO ORDINARIO,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>LVNV FUNDING, LLC and THE<br>BRACHFELD LAW GROUP, PC, a<br>California Corporation,<br><br>   Defendants-Appellees. | No. 16-55417<br><br>D.C. No.<br>3:13-cv-02804-LAB-NLS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted December 5, 2017[**]
Pasadena, California

Before:  D.W. NELSON and REINHARDT, Circuit Judges, and STEEH,[***]
District Judge.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable George Caram Steeh III, United States District Judge for the Eastern District of Michigan, sitting by designation.

Rosanto Ordinario ("Ordinario") appeals the district court's denial of his motion for summary judgment and granting of LVNV Funding, LLC's ("LVNV") motion for summary judgment. We review de novo a district court's rulings on cross-motions for summary judgment. *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010). We review de novo "questions of law, including the district court's interpretations of the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Act." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1101 (9th Cir. 2012) (citations and quotations omitted). "We may affirm on any basis supported by the record." *Afewerki v. Anaya Law Grp.*, 868 F.3d 771, 778 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291. We **AFFIRM** on the alternative ground that LVNV's state court action was not time-barred.

Ordinario's entire FDCPA and Rosenthal Act action is based on the claim that LVNV filed a time-barred state court action to collect unpaid credit card debt. In the state court action, LVNV asserted California common count of indebtedness on an open book based on an account stated, rather than breach of contract of the underlying cardholder agreement. An account stated has three elements: "(1) previous transactions between the parties establishing the relationship of debtor and creditor; (2) an agreement between the parties, express or implied, on the amount due from the debtor to the creditor; [and] (3) a promise by the debtor,

2

express or implied, to pay the amount due." *Zinn v. Fred R. Bright Co.*, 271 Cal. App. 2d 597, 600 (1969). An account stated may be implied from the circumstances. *Maggio, Inc. v. Neal*, 196 Cal. App. 3d 745, 753 (1987) ("The agreement necessary to establish an account stated need not be express and is frequently implied from the circumstances. When a statement is rendered to a debtor and no reply is made in a reasonable time, the law implies an agreement that the account is correct as rendered.").

In *O'Bryne v. Portfolio Recovery*, the district court held that an account stated existed under similar facts. Case No. 12cv447 2013, WL 1223590, at *5 (S.D. Cal. Mar. 26, 2013). In that case, there was a debtor and creditor relationship given that Capital One had been sending monthly statements to O'Bryne, and O'Bryne made payments on them. *Id.* Capital One then sent a final billing statement to O'Bryne. *Id.* The court found that O'Bryne's failure to dispute the statement constituted an admission of the balance due. *Id.* Further, the court stated that "[a]lthough Plaintiff now claims he never agreed to enter into an account stated, a party's intent at the time of contracting controls the formation of a contract." *Id.* at *6. We later affirmed the district court's holding that an account stated existed. *O'Bryne v. Portfolio Recovery Associates, LLC*, 596 F.App'x 565,

3

566 (9th Cir. 2015) (holding that an uncontested final credit card statement established an account stated).

Here, there was also a debtor and creditor relationship between Ordinario and Chase given that there were previous transactions between Chase and Ordinario in the form of monthly statements and subsequent payments. Ordinario's final payment was on June 18, 2009. In January 2010, Ordinario received a final statement. On January 30, 2010, Chase closed Ordinario's account. Nothing in the record shows that Ordinario ever disputed the validity of the debt or the amount owed. Thus, like in *O'Bryne*, an account stated existed.

"Under California law, a four-year statute of limitations applies to actions for breach of contract, account stated, and open book account." *Prof'l Collection Consultants v. Lauron*, 8 Cal. App. 5th 958, 966 (Ct. App. 2017), *reh'g denied* (Mar. 13, 2017), *review denied* (Apr. 26, 2017); Cal. Civ. P. Code § 337. Ordinario conceded as much in his partial summary judgment motion. Further, "[a]ctions to recover on an account stated or a book account accrue on the date of the last item or entry in the account." *Prof'l Collection Consultants*, Cal. App. 5th at 966; Cal. Civ. P. Code § 337(2) ("Where an account stated is based upon an account of more than one item, the time shall begin to run from the date of the last item."); *R.N.C. Inc. v. Tsegeletos*, 231 Cal.App.3d 967, 971-972 (1991) ("the

four-year period of limitations on a book account begins as of the last entry in the book account.").

Ordinario relies on *R.N.C. Inc. v. Tsegeletos* to support his contention that the last item or transaction must be prior to the date the creditor ceases to extend credit. Contrary to Ordinario's position, and as the court in *Zavala v. Annex Financial, Inc.* analyzed, the court in *R.N.C.* found "that the debtor and credit relationship ended when the creditor 'demanded payment of the full amount then owed,' or, in the alternative, when the creditor 'threatened to turn the debt over to a collection agency.'" No. 2:12-CV-6988-SVW-MRW, 2013 WL 12113213, at *7 (C.D. Cal. Jan. 15, 2013) (quoting *R.N.C.*, 231 Cal.App.3d at 973). Thus, the more likely date of last entry was when Chase "assessed various charges to the account before closing it." *Id.* at *6.

Based on the foregoing, the last entry on Ordinario's account was when Chase charged a late fee on January 13, 2010 before closing the account on January 30, 2010.[1] LVNV filed the state court action on December 5, 2012, well within the four year limit. Because LVNV's state court action was not time-barred, there was no violation of the FDCPA or Rosenthal Act.

---

[1] Even if the clock started on the date of Ordinario's last payment on June 18, 2009, the state court action would have still been timely.

**AFFIRMED.**