Tucher, J.**
*214 *687 Professional Collection Consultants (PCC) filed this action to collect credit card debt that Lujan incurred. The parties agree that if Delaware's three-year statute of limitations applies the action is time-barred, but that if California's four-year statute applies the case is timely filed. The trial court applied the Delaware statute, granting summary judgment on statute of limitations grounds to defendant Robert Lujan. On this disposition of PCC's complaint we affirm.
Lujan filed a cross-complaint alleging that the efforts of PCC and others to collect the time-barred debt violated federal and state consumer protection laws. In the unpublished portion of our opinion, we affirm in part and reverse in part the trial court's grant of summary judgment on Lujan's cross-complaint and we affirm the trial court's decision not to award Lujan statutory damages. We also affirm the trial court's postjudgment orders awarding attorney's fees and costs to Lujan and denying fees and costs to the cross-defendants.
FACTUAL AND PROCEDURAL BACKGROUND
Lujan is a San Francisco resident, and has been for more than four decades. He had a credit card with Chase Bank USA, N.A. (Chase), which he used in San Francisco for personal and household expenses.
*688 Chase is a Delaware corporation, or at least Lujan so asserts.[1] The credit card account Lujan maintained with Chase was governed by a cardmember agreement with a choice-of-law provision stating that "federal law and the law of Delaware" govern the agreement. The same agreement also had a provision for attorney's fees. Chase informed cardmembers, "if you are in default because you have failed to pay us, you will pay our collection costs, attorney's fees, court costs, and all other expenses of enforcing our rights under this agreement."
When the last activity on Lujan's credit card account left an unpaid balance, sometime in the second half of 2007, Chase assigned away its claim against Lujan. Initially, Chase assigned the claim to Turtle Creek Assets, Ltd., which assigned it on to Wireless Receivables Acquisition Group (Wireless), which assigned it in turn to PCC. On June 21, 2011, PCC filed this case in the Contra Costa County Superior Court, alleging a cause of action for common counts. The complaint alleges both an open book account for money due and an account stated in writing, and specifies the amount owed as $8,831.90. An attorney for the Law Offices of Clark Garen (salaried employees of PCC) filed the case, and PCC Vice President Todd Shields verified the complaint.
After the case was transferred to San Francisco Superior Court, Lujan answered *215 and cross-complained against PCC and Shields. His cross-complaint seeks damages for alleged violations of federal and state statutes: the Fair Debt Collection Practices Act (FDCPA) ( 15 U.S. C. § 1692 et seq. ), and the Rosenthal Fair Debt Collection Practices Act (RFDCPA) ( Civ. Code, § 1788 et seq. ). Subsequently, Lujan added Wireless and Garen as cross-defendants.
The parties filed competing motions for summary judgment on both the complaint and cross-complaint. On the complaint, the trial court granted Lujan's motion for summary judgment. It reasoned that PCC's action was to recover a debt incurred under an agreement with a choice-of-law provision, so it applied Delaware's three-year statute of limitations and found PCC's claims time-barred. On the cross-complaint, the trial court granted summary judgment to cross-defendants Wireless, Shields, and Garen, finding that none of them meets the statutory definition of a debt collector. But PCC is a debt collector and filed this case after the statute of limitations had run, so the trial court concluded PCC violated both the FDCPA and the RFDCPA and granted Lujan summary judgment against cross-defendant PCC. Lujan's summary *689 judgment motion sought from each cross-defendant the statutory maximum of $1,000 for violating each of two different provisions of the FDCPA and the RFDCPA, but the court's order is silent on this request for statutory damages.
The trial court signed a final judgment, which it entered on March 1, 2016. Before signing Lujan's proposed judgment, the trial court crossed out the sentence that would have awarded Lujan statutory damages, leaving him with only "attorney fees and costs of suit as provided by the respective statutes." On July 12, 2016, the trial court issued two postjudgment orders addressing attorney's fees and costs. One order awarded Lujan $140,550.51, representing a lodestar slightly reduced from his request, enhanced by a multiplier of 1.5. The other order denied fees to Wireless, Garen, and Shields, in part because the cross-complaint was not an action " 'on a contract' " within the meaning of Civil Code section 1717 ( section 1717 ).
PCC filed timely notices of appeal on both the underlying judgment in the collection action (case No. A147922) and the order on attorney's fees and costs (case No. A148925). Lujan timely cross-appealed the summary judgment in favor of Wireless and the individual cross-defendants, and the trial court's failure to award statutory damages and to find a second violation of the FDCPA and the RFDCPA based on improper venue. The cross-defendants who won summary judgment appealed the denial of their attorney's fees motion (case No. A148925).
DISCUSSION
We review de novo the trial court's entry of summary judgment. ( Aguilar v. Atlantic Richfield Co. (2001) 25 Cal.4th 826, 860, 107 Cal.Rptr.2d 841, 24 P.3d 493.) A party moving for summary judgment bears the initial burden of proof, as well as "the burden of persuasion that there is no triable issue of material fact and that [it is] entitled to judgment as a matter of law." ( Id . at p. 850, 107 Cal.Rptr.2d 841, 24 P.3d 493.) When a defendant moves for summary judgment, if his moving papers make out a prima facie case entitling him to judgment, "the burden of production shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact." ( Jones v. Wachovia Bank (2014) 230 Cal.App.4th 935, 945, 179 Cal.Rptr.3d 21.) Likewise, if the plaintiff meets its initial burden, the defendant must show a triable issue of material fact to defeat *216 summary judgment. ( Professional Collection Consultants v. Lauron (2017) 8 Cal.App.5th 958, 214 Cal.Rptr.3d 419 ( Lauron ).)
We address first the trial court's grant of summary judgment in Lujan's favor on the complaint, then summary judgment for and against Lujan on the cross-complaint, and finally the trial court's orders granting attorney's fees and costs to Lujan and denying them to Wireless and the individual cross-defendants.
*690 I.
In moving for summary judgment on PCC's complaint, Lujan makes a prima facie case that he was entitled to summary judgment on statute of limitations grounds. He points to Chase's cardmember agreement and argues that his use of the credit card constituted acceptance of the terms of that agreement. (See Anastas v. American Sav. Bank (In re Anastas) (9th Cir. 1996) 94 F.3d 1280, 1285.) He points to the Delaware choice-of-law provision in the cardmember agreement and to the three-year limitations period of 10 Delaware Code section 8106, a code section he plausibly asserts applies to actions for breach of contract, open book account, and account stated in writing. And Lujan applies California choice-of-law principles to argue that the election of Delaware law should be enforced: PCC's claims fall within the scope of the contract's choice-of-law provision; there is a reasonable basis for the parties to have chosen the law of the state where Chase is incorporated; and no fundamental policy of California is offended by applying Delaware's somewhat shorter statute of limitations. (See Washington Mutual Bank v. Superior Court (2001) 24 Cal.4th 906, 916-917, 103 Cal.Rptr.2d 320, 15 P.3d 1071.)
In response to Lujan's prima facie case, PCC points to no new evidence but makes numerous arguments. PCC's first argument is that the cardmember agreement is irrelevant because an action based on an open book account or an account stated in writing is completely independent of, and unrelated to, the underlying contract, rendering superfluous the contract's choice-of-law provision. If one were to disregard the cardmember agreement, PCC's cause of action would be governed by California's four-year statute of limitations for breach of a written contract, including an open book account or account stated in writing ( Code Civ. Proc., § 337 ), but we cannot disregard the cardmember agreement here. PCC's argument misunderstands the common counts PCC has pleaded, and mistakenly elevates form in pleading over substance.
The elements of a cause of action for breach of contract are well known. A plaintiff must establish: the existence of a contract, plaintiff's performance (or excuse for non-performance), defendant's breach, and resulting damages. ( Lauron , supra , 8 Cal.App.5th at p. 968, 214 Cal.Rptr.3d 419.) Less well-known are the common counts. "A common count is not a specific cause of action ...; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness ...." ( McBride v. Boughton (2004) 123 Cal.App.4th 379, 394, 20 Cal.Rptr.3d 115.) PCC pleads two common counts.
"A 'book account' is 'a detailed statement which constitutes the principal record of one or more transactions between a debtor and a creditor arising out *691 of a contract or some fiduciary relation, and shows the debits and credits in connection therewith ....' " ( Lauron , supra , 8 Cal.App.5th at p. 969, 214 Cal.Rptr.3d 419.) The creditor must keep these records in the regular course of its business and *217 "in a reasonably permanent form," such as a book or card file. ( Code Civ. Proc., § 337a.) "A book account is 'open' where a balance remains due on the account." ( Lauron , at p. 969, 214 Cal.Rptr.3d 419.)
"An account stated is 'an agreement, based on prior transactions between the parties, that the items of an account are true and that the balance struck is due and owing.' " ( Lauron , supra , 8 Cal.App.5th at p. 968, 214 Cal.Rptr.3d 419.) "When an account stated is ' "assented to, either expressly or impliedly, it becomes a new contract." '... Accordingly, an action on an account stated is not based on the parties' original transactions, but on the new contract under which the parties have agreed to the balance due." ( Ibid . )
The trial court rejected PCC's request to apply California's four-year statute of limitations because the court concluded that the action was one "to recover a debt incurred under the credit agreement," which had a Delaware choice-of-law provision. Going further, the court explained, "[m]onies due under an express written contract, such as the cardmember agreement at issue herein, 'cannot, in the absence of a contrary agreement between the parties, be treated as items under an open book account so as to allow the creditor to evade or extend the statutory limitations period.' " (See Tsemetzin v. Coast Federal Savings and Loan Assn. (1997) 57 Cal.App.4th 1334, 1343, 67 Cal.Rptr.2d 726.) We need not go this far and express no view as to whether, under different circumstances, credit card debt can be collected using common counts. It is enough to note that in this case, as the trial court observed at the outset, the gravamen of the complaint is Lujan's failure to pay monies owed Chase for his use of the card under the cardmember agreement. ( Lauron , supra , 8 Cal.App.5th at p. 971, 214 Cal.Rptr.3d 419.)
"The statute of limitations that applies to an action is governed by the gravamen of the complaint, not the cause of action pled." ( City of Vista v. Robert Thomas Securities, Inc. (2000) 84 Cal.App.4th 882, 889, 101 Cal.Rptr.2d 237 ; see also Carter v. Prime Healthcare Paradise Valley LLC (2011) 198 Cal.App.4th 396, 412, 129 Cal.Rptr.3d 895.) Thus, if a complaint alleges acts of actual and constructive fraud but frames its cause of action as one for breach of fiduciary duty, the statute of limitations for fraud applies. ( Ibid. ) Similarly, where the gravamen of a complaint is a liability created by statute, a plaintiff cannot extend the limitations period by framing his case as a breach of contract instead. ( Giffin v. United Transportation Union (1987) 190 Cal.App.3d 1359, 1362, 236 Cal.Rptr. 6.) So, here, because the gravamen of PCC's complaint is that Lujan failed to pay Chase money it owed *692 under the cardmember agreement, PCC cannot extend the three-year statute of limitations that applies for such a breach of contract claim by pleading common counts instead.
PCC fails to establish that the trial court erred in identifying the gravamen of this complaint as an action to collect debt incurred under the cardmember agreement. Looking first to the complaint itself, because it relies on a simplified form of pleading, the complaint contains no facts to support the allegations of an open book account and an account stated in writing except that Chase "was the original creditor for the claim upon which this action is based." Of course, the cardmember agreement is what established the terms under which Chase became Lujan's creditor, and the cardmember agreement is the only evidence of a creditor-debtor relationship that PCC cites in its briefs. If Lujan maintained an open book account with Chase, that account was one that arose out of the *218 cardmember agreement. (See Lauron , supra , 8 Cal.App.5th at p. 969, 214 Cal.Rptr.3d 419 [a book account is a statement of transactions " 'arising out of a contract' "].) If Lujan and Chase assented in writing to the amount of his indebtedness, as is required for an account stated in writing ( id . at p. 968, 214 Cal.Rptr.3d 419 ), perhaps the cardmember agreement forms a portion of that writing. Certainly PCC presents no other evidence of a written agreement between the parties.[2] In short, although PCC does not expressly frame its case as a breach of the cardmember agreement, it produces no evidence to dissuade us that breach of this agreement is indeed the gravamen of its complaint. (See id . at p. 971, 214 Cal.Rptr.3d 419.)
None of the cases on which PCC relies requires a contrary result. Zinn v. Fred R. Bright Co. (1969) 271 Cal.App.2d 597, 604, 76 Cal.Rptr. 663 was an action for an account stated in writing where the writing was an uncashed check that the debtor-employer gave the creditor-employee, representing the amount owed the employee as a profit-sharing bonus. ( Id . at p. 599, 76 Cal.Rptr. 663.) That the court in Zinn applied the statute of limitations for an account stated in writing is unsurprising, since the evidence was that this was the gravamen of the creditor's case. ( Id . at p. 602, 76 Cal.Rptr. 663.) Nothing about this result compels us to apply California's statute of limitations in a case where the only writing in evidence is a contract that invokes Delaware law. Nor is Boon v. Professional Collection Consultants (2014) 978 F.Supp.2d 1163 persuasive authority on this point, as the case contains little analysis on the statute of limitations and involves a debtor who submitted no relevant evidence, but attempted in vain to rely on his pleadings to oppose summary judgment. ( Id . at p. 1168.)
PCC's second argument is that if this action is governed by Delaware law, then Delaware law tolls the statute of limitations indefinitely while defendant *693 Lujan is absent from the state of Delaware. Delaware's non-resident tolling statute provides: "If at the time when a cause of action accrues against any person, such person is out of the State, the action may be commenced, within the time limited therefor in this chapter, after such person comes into the State in such manner that by reasonable diligence, such person may be served with process. ..." ( Del. Code Ann. tit. 10, § 8117.) "Numerous courts outside of Delaware have declined to apply 10 Delaware Code section 8117 where," as here, "it would result in indefinite tolling." ( Lauron , supra , 8 Cal.App.5th at p. 974, 214 Cal.Rptr.3d 419.) We follow Lauron in declining to apply this tolling provision. ( Ibid . ) Because Lujan is not susceptible to suit in Delaware, applying the tolling provision would produce the absurd result of abolishing the statute of limitations defense entirely, which is surely inconsistent with a fundamental policy of California law. Because Delaware's tolling provision is not inherent in, or inseparable from, its statute of limitations (see Del. Code Ann. tit. 10, § 8106 [with exceptions not including § 8117 ] ), our refusal to adopt Delaware's non-resident tolling statute does not prevent us from enforcing Delaware's statute of limitations. Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Co. (Del. 2005) 866 A.2d 1, 18 is not inconsistent with this result. It stands for the proposition that if Lujan were to move to Delaware and PCC to pursue a collection action there in the future, then Delaware *219 courts would apply the non-resident tolling statute and might still find the action timely. That result does not require an out-of-state court to apply Delaware's non-resident tolling statute to persons who have never lived in Delaware.
PCC's third argument is that because the cardmember agreement was not signed by anyone, it cannot act to waive the statute of limitations. In support of this argument, PCC cites California's Code of Civil Procedure section 360.5, which prevents parties from waiving the statute of limitations except in a signed document. But Lujan does not argue, and the trial court does not find, that Lujan or anyone else has waived the right to assert the statute of limitations. Rather, the trial court gives full effect to a statute of limitations defense in granting Lujan summary judgment. (See Lauron , supra , 8 Cal.App.5th at p. 973, 214 Cal.Rptr.3d 419.)
PCC's fourth argument is that none of the terms of the cardmember agreement, other than Lujan's promise to pay, can be enforced because Lujan did not sign the cardmember agreement. For support, PCC relies on a single case, which is silent on the validity of an unsigned cardmember agreement. PCC's case merely holds that "it is the use of the credit card, and not the issuance , that creates an enforceable contract." ( Bank of America v. Jarczyk (W.D.N.Y. 2001) 268 B.R. 17, 22.) This is entirely consistent with Lujan's theory of how his contract with Chase was formed, and with enforcing the terms of the cardmember agreement. ( Id. at p. 24.)
*694 PCC's fifth argument, in the alternative, is that because Chase is a federally charged bank we should apply the four-year statute of limitations that federal law establishes for civil actions arising out of acts of Congress, rather than Delaware law. But "PCC's breach of contract action does not arise under an Act of Congress; it is a state law claim. Accordingly state law," specifically Delaware law, governs. ( Lauron , supra , 8 Cal.App.5th at p. 972, 214 Cal.Rptr.3d 419.)
Finally, PCC argues that if its claim against Lujan is time-barred but Lujan's cross-complaint results in a judgment against PCC, then PCC should be entitled to offset an award against it by the amount Lujan owes on the Chase debt. PCC is mistaken. It relies on Code of Civil Procedure section 431.70, but that statute applies only "[w]here cross-demands for money have existed between persons at any point in time when neither demand was barred by the statute of limitations , and an action is thereafter commenced by one such person ...." ( Code Civ. Proc., § 431.70, italics added.) The purpose of the statute is to allow offset of competing claims in a circumstance where one party "allow[s] the statute of limitations to run on its claim, reasoning that the two claims have canceled one another out," only later to confront the opposing party's claim once its own is time-barred. ( Construction Protective Services, Inc. v. TIG Specialty Ins. Co. (2002) 29 Cal.4th 189, 195, 126 Cal.Rptr.2d 908, 57 P.3d 372.) Here, Lujan's cross-complaint alleges PCC's unlawful attempt to collect on the time-barred debt, claims that by definition did not exist at a time before PCC's claim was barred by the statute of limitations. Because Lujan's claims only arose after the statute of limitations on Chase or PCC's claim had run, Code of Civil Procedure section 431.70 has no relevance here.
In sum, PCC fails to raise a triable issue of material fact as to which statute of limitations applies, so the trial court appropriately granted Lujan summary judgment.
*220 II.-III.***
DISPOSITION
Summary judgment in favor of Lujan against PCC, both on PCC's complaint and Lujan's cross-complaint, is affirmed. The award of attorney's fees and costs to Lujan is affirmed. Summary judgment in favor of Wireless on the cross-complaint and denial of fees and costs to Wireless are both affirmed. As to Shields and Garen, summary judgment in their favor on the *695 cross-complaint is reversed, the denial of fees and costs is affirmed, and the case is remanded for further proceedings consistent with this decision. PCC shall pay Lujan's costs on appeal, and the cross-defendants shall bear their own costs.
We concur:
Richman, Acting P.J.
Stewart, J.

Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

The parties' briefs represent that this fact and others are uncontested, but they ignore, wholesale, the requirement in our rules that a brief "[s]upport any reference to a matter in the record by a citation to the volume and page number ... where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) This rule admits to no exception for facts that are uncontested.

PCC references no other written agreement in its briefs, and " '[w]e have no duty to search the record for evidence ....' " (Lauron , supra , 8 Cal.App.5th at p. 974, 214 Cal.Rptr.3d 419.)

See footnote *, ante .