**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMAL GHANNAM GUSTAFSON, an individual, <br><br>     Plaintiff-Appellant, <br><br>   v. <br><br> SUNTRUST MORTGAGE, INC., a Virginia Corporation; U.S. BANK, N.A., as Trustee for BAFC 2007-4, <br><br>     Defendants-Appellees. | No.   17-56070 <br><br> D.C. No. <br> 2:16-cv-06898-PSG-PLA <br><br> MEMORANDUM<sup>*</sup> |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted December 6, 2018<sup>**</sup>
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and RICE,<sup>***</sup> Chief District Judge.

---

    <sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    <sup>**</sup>    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    <sup>***</sup>   The Honorable Thomas O. Rice, Chief United States District Judge for the Eastern District of Washington, sitting by designation.

Plaintiff-appellant Amal Gustafson (Gustafson) appeals the district court's grant of summary judgment in favor of defendant-appellees SunTrust Mortgage, Inc. (SunTrust) and U.S. Bank, N.A. (U.S. Bank). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* a summary judgment ruling. *See Zetwick v. Cty. of Yolo*, 850 F.3d 436, 440 (9th Cir. 2017).

**1.** The district court correctly concluded that Gustafson failed to raise a material issue of fact regarding her claims for breach of contract, promissory estoppel, fraud/misrepresentation, intentional infliction of emotional distress (IIED), and violations under the Equal Credit Opportunity Act (ECOA). *See id.* (stating summary judgment standard). Nothing in the record indicates that SunTrust or U.S. Bank ever promised to provide a good faith loan modification to Gustafson. As no such contract existed, there could be no breach. *See Prof'l Collection Consultants v. Lujan*, 23 Cal. App. 5th 685, 690 (2018), *as modified* (listing the elements for a breach of contract claim). Similarly, because there was no promise made by either SunTrust or U.S. Bank, Gustafson could not raise a material issue of fact regarding fraud/misrepresentation, detrimental reliance, or promissory estoppel. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011), *as modified* (listing the elements for a promissory estoppel claim); *see also*

*Small v. Fritz Cos. Inc.*, 65 P.3d 1255, 1258 (Cal. 2003) (listing the elements for a fraud/misrepresentation claim).

Gustafson failed to raise a material issue of fact regarding extreme or outrageous conduct on the part of SunTrust or U.S. Bank. *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (listing the elements for an IIED claim under California law). California courts have specifically ruled that foreclosure proceedings conducted without threat or insult, such as here, do not give rise to an IIED claim. *See Wilson v. Hynek*, 207 Cal. App. 4th 999, 1009 (2012).

Finally, we agree with the district court that Gustafson failed to raise a material issue of fact that either SunTrust or U.S. Bank discriminated against her on the basis of her race or national origin in violation of the ECOA. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1210 (9th Cir. 2013); *see also* 15 U.S.C. 1691(a).

**2.** Gustafson waived any argument concerning damages due to failure to adequately address the issue in her opening brief, including the type of damages sought and the basis for an award of damages. *See Freedom From Religion Found., Inc. v. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018).

**AFFIRMED.**